## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HENRY M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-1429 |
| ) | |
| MICHAEL WHITE, *in his individual* ) | **JURY TRIAL DEMANDED** |
| *capacity*, and CITY OF FERGUSON, ) | |
| MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Henry M. Davis (hereinafter "Plaintiff"), by and through his attorney, and for his Complaint against Defendant Michael White (hereinafter "Defendant White") and Defendant City of Ferguson, Missouri (hereinafter "Defendant City of Ferguson") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights and for state law claims against both Defendants.

2. Plaintiff sues Defendant White in his individual capacity.

### JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3). The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

4. The State of Missouri has waived sovereign immunity against the individual police officers and the City of Ferguson by the enactment of § 105.711, *et seq*[1].

---

[1] Smith v. State of Missouri, 152 S.W.3d 275 (Mo. 2005). *See also* Thomas v. St. Louis Board of Police Commissioners, 447 F.3d 1082 (8th Cir. 2006).

## VENUE

5. Venue is proper under 28 U.S.C. § 1391(b).

6. Defendant City of Ferguson is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

7. Defendant White, at all times relevant herein, was a City of Ferguson police officer working under the direction and control of the Defendant City of Ferguson.

## COLOR OF STATE LAW

8. At all relevant times, Defendant White acted under color of state law.

9. Particularly, Defendant White acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

10. On or about September 20, 2009, Plaintiff was driving eastbound on Interstate 270 and he was stopped by a St. Charles County Deputy at the W. Florissant exit.

11. The Ferguson Police Department was summoned to the stop location.

12. City of Ferguson police officer John Beaird ("Officer Beaird") arrived at the stop location and told Plaintiff he was being arrested and taken to the police station because Plaintiff had outstanding warrants for his arrest.

13. At the Ferguson jail, Officer Beaird ordered Plaintiff to enter a cell occupied by another individual.

14. The cell Plaintiff was asked to enter had one bed and the other individual was lying on the bed when Plaintiff was ordered into the cell.

15. It was approximately 3:30 – 4:00 a.m. at the time of the occurrence.

16. Plaintiff saw mats nearby in the jail and noticed another cell occupied by an

2

individual lying on a mat and another individual lying in the bed in the same cell.

17. Plaintiff asked Officer Beaird for a mat and Officer Beaird told Plaintiff that he wasn't getting one.

18. Plaintiff simply asked Officer Beaird why he couldn't have a mat like the individual in the other cell.

19. Officer Beaird called other officers to the area outside the cell and told the other officers that Plaintiff was being belligerent and failing to comply with his orders.

20. At least five (5) Ferguson police officers arrived at the area just outside the cell, including Defendant White.

21. Defendant White charged Plaintiff and grabbed and slammed Plaintiff in the cell against the back wall.

22. Defendant White then ran out of the cell and while doing so, other officers came in the cell towards Plaintiff and Plaintiff went down to the floor on his stomach.

23. A female police officer got on Plaintiff's back and handcuffed Plaintiff with Plaintiff's arms behind his back and lying on his stomach.

24. Just before Plaintiff was picked up to his feet, Defendant White rushed in the cell a second time and kicked Plaintiff in the head while Plaintiff was lying on the floor and handcuffed with his arms behind his back.

25. Plaintiff's head bled excessively.

26. Defendant White's actions caused Plaintiff great pain.

27. Plaintiff later received medical treatment at SSM St. Joseph Health Center for the injuries to his head.

# COUNT I
# VIOLATION OF CIVIL RIGHTS
# 42 U.S.C. § 1983 AND FOURTH AMENDMENT
# AGAINST DEFENDANT MICHAEL WHITE
# FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
# AND ATTORNEY'S FEES

28. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

29. Defendant White used excessive and unreasonable force when he slammed Plaintiff against the wall and when he kicked Plaintiff in the head.

30. The right to be free from excessive force is clearly established[2].

31. At the time of the use of excessive force by Defendant White, Plaintiff:

   a. Had not committed a serious crime;

   b. Presented no threat to the safety of the officers or others;

   c. Was not actively resisting arrest; and

   d. Was not attempting to evade arrest by flight[3].

32. Defendant White used greater force than was necessary in light of the facts and circumstances confronting him[4].

33. Defendant White acted in a manner, which was objectively unreasonable.

34. A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[5].

35. This case is not in a "hazy border", but is unequivocal[6].

36. The actions of Defendant White violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be:

   a. Safe from the unreasonable use of force; and

---

[2] Guite v. Write, 147 F.3d 747, 750 (8th Cir. 1998).
[3] Kukla v. Hulm, 310 F.3d 1046, 1050 (8th Cir. 2002).
[4] Id.
[5] Rahn v. Hawkins, 2006 WL 2707643 (8th Cir. 2006).
[6] Saucier v. Katz, 533 U.S. 194, 206 (2001).

4

      b.      Safe from the use of excessive force[7].

## Compensatory Damages

37.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant White in his individual capacity.

## Punitive Damages

38.    Defendant White's actions against Plaintiff were:

    a.    Reckless;

    b.    Showed callous indifference toward the rights of Plaintiff; and

    c.    Were taken in the face of a perceived risk that the actions would violate federal law.

39.    Plaintiff is entitled to an award of punitive damages against Defendant White in his individual capacity, in order to punish him and to deter others.

## Attorney's Fees

40.    Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant White in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

---

[7] <u>McGruder v. Heagwood</u>, 197 F.3d 918, 919 (8th Cir. 1999).

**COUNT II
VIOLATION OF CIVIL RIGHTS
42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST
DEFENDANT CITY OF FERGUSON, MISSOURI
FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

41. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

### Compensatory Damages

### 1st Alternative Basis of Municipal Liability

### Delegation to Defendant White

42. As the first alternate basis for liability against Defendant City of Ferguson, the policy maker for Defendant City of Ferguson is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant White to make policy.

43. The delegation of authority by the actual policy maker of Defendant City of Ferguson placed Defendant White in a policy making position, and the acts of Defendant White may fairly be said to be those of the municipality[8].

44. Those acts therefore subject Defendant City of Ferguson to liability for the constitutional violations of Defendant White[9].

### 2nd Alternative Basis of Municipal Liability – Failure to Train, Supervise, Control

45. As the second alternative basis for liability against Defendant City of Ferguson, Defendant City of Ferguson failed to properly hire, train, supervise, control and/or discipline Defendant White. Defendant City of Ferguson was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant White, such that those failures reflected a deliberate or conscious choice by Defendant City of Ferguson[10].

---

[8] Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397 (1997).
[9] Id. at 483; see also Kujawski v. Board of Com'rs of Bartholomew County, Ind., 183 F.3d 734, 737 (7th Cir. 1999).
[10] City of Canton v. Harris, 489 U.S. 378, 389 (1989).

46.     Those deficiencies caused Plaintiff damages[11].

47.     In light of the fact that it was Defendant White who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Ferguson can reasonably be said to have been deliberately indifferent to the need[12].

48.     If Defendant City of Ferguson had properly hired, trained, supervised, controlled and/or disciplined Defendant White, the constitutional violations committed by Defendant White would not have occurred.

49.     These failures by Defendant City of Ferguson to hire, train, supervise, control and/or discipline Defendant White subject Defendant City of Ferguson to liability for the constitutional violations committed by Defendant White.

### 3rd Alternative Basis of Municipal Liability – Pattern of Transgressions

50.     As the third alternative basis for liability against Defendant City of Ferguson, the acts of Defendant White were part of a pattern of transgressions, of which Defendant City of Ferguson knew or should have known. The failure of Defendant City of Ferguson to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant City of Ferguson to condone or otherwise tolerate such constitutional violations.

51.     Defendant City of Ferguson thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[13].

---

[11] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[12] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).
[13] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

52. Defendant City of Ferguson's failure amounted to deliberate indifference to the rights persons with whom Defendant White came in contact, particularly including Plaintiff.

53. Those failures by Defendant City of Ferguson to act proactively to prevent these constitutional violations subject Defendant City of Ferguson to liability for the constitutional violations committed by Defendant White.

## Waiver of Sovereign Immunity

54. Upon information and belief, at the relevant time, Defendant City of Ferguson had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

55. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of Ferguson[14].

56. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of Ferguson.

## Attorney's Fees

57. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Ferguson for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

---

[14] RSMo. 71.180 and/or 537.610.

### COUNT III
### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT CITY OF FERGUSON, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

58. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

59. At all relevant times Defendant White was:

    a. Serving as an employee of Defendant City of Ferguson as a police officer;

    b. Engaging in a government function; and

    c. Acting within the course and scope of that employment.

60. Defendant City of Ferguson is liable under a theory of *respondeat superior*[15].

61. The actions of Defendant White caused Plaintiff to suffer the damages outlined herein.

### Compensatory Damages

62. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of Ferguson.

### Attorney's Fees

63. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Ferguson for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

---

[15] Plaintiff makes this claim based on the dissent of Justice Breyer in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 416 (1997).

## SUPPLEMENTAL STATE CLAIMS

### COUNT IV
### ASSAULT AND BATTERY
### AGAINST DEFENDANT MICHAEL WHITE
### FOR COMPENSATORY AND PUNITIVE DAMAGES AND
### AGAINST DEFENDANT CITY OF FERGUSON, MISSOURI
### FOR COMPENSATORY DAMAGES ONLY

64. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

65. Defendant White's slamming Plaintiff against the wall and kicking Plaintiff in the head constituted an assault and battery[16].

66. All actions by Defendant White were unlawful and unjustified.

67. Defendant White had the apparent present ability to injure Plaintiff and to complete the assault.

68. Plaintiff sustained damages as a result of the assault and battery[17].

69. Plaintiff is entitled to compensatory and punitive damages for assault and battery against Defendant White.

70. At the time of the assault and battery of Plaintiff, Defendant White was ostensibly acting (even though improperly) to benefit his employer's policing function.

71. Defendant White's actions were therefore within the scope of his employment.

72. Defendant City of Ferguson is therefore liable under a theory of *respondeat superior*[18].

WHEREFORE, Plaintiff prays for judgment for assault and battery against Defendant White in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for assault and battery against Defendant City of

---

[16] Geiger v. Bowersox, 974 S.W.2d 513, 516 (Mo. App. 1998).
[17] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[18] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

Ferguson under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

                                              Respectfully submitted,

                                              SCHOTTEL & ASSOCIATES, P.C.

                                              BY: s/*James W. Schottel, Jr.*
                                                      James W. Schottel, Jr.    #94480
                                                      906 Olive St., PH
                                                      St. Louis, MO 63101
                                                      (314) 421-0350
                                                      (314) 421-4060 facsimile
                                                      jwsj@schotteljustice.com

                                                      Attorney for Plaintiff
                                                      Henry M. Davis