UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 10-cv-1429 MLM |
| | ) | |
| MICHAEL WHITE, Individually and the | ) | |
| CITY OF FERGUSON, MISSOURI, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# *JOINT ANSWER OF DEFENDANTS CITY OF FERGUSON AND POLICE OFFICER MICHAEL WHITE TO PLAINTIFF'S COMPLAINT*

COME NOW Defendants, the City of Ferguson and Officer Michael White, by and through counsel, and for their Joint Answer to Plaintiff's Complaint, state as follows:

1. Admitted that plaintiff attempts to allege causes of action that arise under 42 U.S.C. § 1983 and § 1988 as well as the common law of Missouri, but denied that any valid claim is stated or that any valid cause of action exists.

2. Admitted that plaintiff attempts to allege a claim against Officer White in his individual capacity, but denied that any valid claim is stated or that any valid cause of action exists.

### Jurisdiction and Venue

3. Admitted that plaintiff invokes the jurisdiction of the court for plaintiff's Federal and State law claims, but denied that any valid claim is stated or that any valid cause of action exists.

{00613068.DOC;1}

4.    Denied, and defendants move that paragraph 4 be stricken as an argumentative statement of law to which no answer is required.

5.    Admitted that plaintiffs invoke the venue of the Court, but denied that any valid cause of action is stated or that any valid cause of action exists.

6.    Admitted.

7.    Admitted.

8.    Admitted that Officer White was at all relevant times a Police Officer for the City of Ferguson Police Department and acts under color of law in carrying out his official duties as a police officer. The remaining allegations in paragraph 8 are denied.

9.    Admitted that Officer White was at all relevant times a Police Officer for the City of Ferguson Police Department and acts under color of law in carrying out his official duties as a police officer. The remaining allegations in paragraph 9 are denied.

## Factual Background

10.    Admitted that on or about September 20, 2009, Plaintiff was arrested and taken into police custody upon probable cause and reasonable suspicion to believe that Plaintiff had committed violations of law. The remaining allegations in paragraph 10 are denied.

11.    Admitted that on or about September 20, 2009, Plaintiff was arrested and taken into police custody upon probable cause and reasonable suspicion to believe that Plaintiff had committed violations of law. The remaining allegations in paragraph 1i are denied.

12.    Admitted that on or about September 20, 2009, Plaintiff was arrested and taken into police custody upon probable cause and reasonable suspicion to believe that Plaintiff had committed violations of law. The remaining allegations in paragraph 12 are denied.

13.    Admitted that on or about September 20, 2009, Plaintiff was arrested and taken into police custody upon probable cause and reasonable suspicion to believe that Plaintiff had committed violations of law. The remaining allegations in paragraph 13 are denied.

14.    Admitted that on or about September 20, 2009, Plaintiff was arrested and taken into police custody upon probable cause and reasonable suspicion to believe that Plaintiff had committed violations of law. The remaining allegations in paragraph 14 are denied.

15.    Admitted that on or about September 20, 2009, Plaintiff was arrested and taken into police custody upon probable cause and reasonable suspicion to believe that Plaintiff had committed violations of law. The remaining allegations in paragraph 15 are denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied for lack of knowledge.

{00613068.DOC;1}

## Count I: Violation of 42 U.S.C. § 1983 and 4th Amendment
## Against Officer White

28.    Defendants restate and reallege all of their answers and responses to the allegations contained in paragraphs 1 – 27.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

## Count II: Violation of Civil Rights 42 U.S.C. Section 1983 and 14th Amendment

## Against City of Ferguson

41.    Defendants restate and reallege all of their answers and responses to the allegations contained in paragraphs 1 – 40.

42.    Denied.

43.    Denied.

44.    Denied.

{00613068.DOC;1}

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## Count III: Violation of 42 U.S.C. § 1983
## Respondeat Superior against City of Ferguson

58. Defendants restate and reallege all of their answers and responses to the allegations contained in paragraphs 1 – 57.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

{00613068.DOC;1}

## Count IV: State Law Claim for Assault and Battery Against
## Defendants White and City of Ferguson

64.    Defendants restate and reallege all of their answers and responses to the allegations contained in paragraphs 1 – 63.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

## Affirmative Defenses

1.    Defendants deny each and every other allegation in Plaintiff's Complaint not specifically admitted to herein.

2.    For further answer and for affirmative defenses, the defendants state that plaintiff's Complaint fails to state a cause of action or a claim upon which relief can be granted against these defendants;

3.    For further answer and for affirmative defense, these defendants have immunity from liability to plaintiff under the Doctrines of Sovereign Immunity, Qualified Immunity, Official Immunity and the Public Duty Doctrine;

4.    For further answer and for affirmative defense, the plaintiff has a duty to mitigate his damages, and has failed to do so;

{00613068.DOC;1}

5. For further answer and for affirmative defense, any force used against plaintiff was reasonable and necessary in order to subdue the plaintiff due to plaintiff's violently resisting his lawful arrest and was the result of plaintiff's unprovoked and illegal assault and battery against Officer White and other Ferguson Police Officers;

6. For further answer and for affirmative defense, any force used and any act of any defendant was undertaken pursuant to law and in the course of Officer White's official duties as a law enforcement officer, was reasonable and was based upon both probable cause and reasonable suspicion that plaintiff had violated the laws and ordinances of the State of Missouri, that every search, seizure, arrest, and detention of plaintiff took place pursuant to law and was reasonable in manner and duration.

6. For further answer and for affirmative defense, plaintiff's claim for punitive damages fails to state a claim for relief for punitive damages and in addition, to the extent that plaintiff seeks to recover punitive damages herein, plaintiff has not stated and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Constitution of Missouri in that:

   a. Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in Pacific Life Insurance Co. v. Haslip; State Farm v. Campbell, White v. Ford Motor and Phillip Morris USA v. Williams.

   b. Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

   c. Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

{00613068.DOC;1}

d. Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendant of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of defendant's alleged misconduct.

e. Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, plaintiffs' injury, plaintiffs' expenses, defendant's conduct, and defendant's mental state.

f. Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

g. Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include:

   i. a nebulous and undefined "abuse of discretion" standard of review;
   ii. a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice";
   iii. a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion;
   iv. a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award. Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

h. Missouri improperly permits a plaintiff to submit punitive damages to the jury based upon a defendant's conduct that, as a matter of law, was not willful or reckless. Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

i. Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence. The

8

instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

j. Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

k. Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

l. Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards; Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

m. Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

n. Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

o. Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

p. Missouri does not have legal standards that would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct. These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

q. Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

r. An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675. That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has

established no standards or limits upon the amount of punitive damages that may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

WHEREFORE, having fully answered Plaintiff's Complaint, defendants move the Court dismiss all counts contained therein against them, to award their costs and fees to them and for such other and further relief as the Court deems proper.

/s/ *Peter J. Dunne*

Peter J. Dunne  #31482
Federal Registration No. 3025
Federal Registration No. 5222060
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@rpslaw.com
wilson@rpslaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 4th day of October, 2010 to be served by operation of the Court's electronic filing system upon the following:

Mr. James W. Schottel, Jr.
Attorney for Plaintiff
906 Olive Suite PH
St. Louis, Missouri  63101

/s/ *Christine A. Moriarty*

October 4, 2010

{00613068.DOC;1}