UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1429MLM |
| | ) | |
| MICHAEL WHITE AND | ) | |
| CITY OF FERGUSON, MISSOURI | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's Motion for Taxation of Costs of Service to be Assessed Against Defendant Michael White. [Doc. 8] Defendant White responded. [Doc. 12] Plaintiff replied. [Doc. 14]

## BACKGROUND

On August 5, 2010 plaintiff mailed to defendant White two copies of the Request for Waiver of Service and a copy of the Complaint together with a self-addressed, stamped envelope. The Waiver of Service was due to be executed and returned to plaintiff's counsel by September 7, 2010. The Waiver of Service was not executed or delivered to counsel by September 7, 2010. On September 8, 2010 a Request for Issuance of Summons for defendant White was filed. On September 13, 2010 defendant White was personally served and the cost of service was $50.

Defendant City of Ferguson executed its waiver and filed its Answer on October 1, 2010. The waiver issued to defendant White was sent by plaintiff's attorney to defendant White "c/o Ferguson Police Department, 222 South Florissant

Road, 63135." Defendant White believed the City of Ferguson would waive service on his behalf when it agreed to waive formal service on it. On October 1, 2010 defendant White answered plaintiff's Complaint - - the same date the defendant City answered plaintiff's Complaint. The personal service on defendant White did not delay these proceedings in any respect.

Plaintiff's attorney requests attorney fees in the total amount of $432. This consists of 1.41 hours at $200 an hour to prepare the Motion and .75 hours at $200 an hour to prepare the reply.

## DISCUSSION

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides that:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making the service; and
> (B) the reasonable expenses, including attorney fees, of any motion required to collect those service expenses.

Fed.R.Civ.P. 4(d)(2)

Rule 4(d)(2) clearly states that the threshold for requiring the imposition of costs and fees is "without good cause." Defendant White has articulated good cause for his failure to sign and return the waiver, that is, that he believed the City of Ferguson would waive service on his behalf when it agreed to waive service on it. The Request for Waiver and Complaint were sent to defendant White at his business address, "c/o The Ferguson Police Department." It is also to be noted that the defendant City and defendant White are represented by the same attorney. Defendant White's belief was thoroughly reasonable. For plaintiff to say in his reply

that defendant White's statement of good cause is "not believable" steps far beyond the limits of the civility expected by this court.  The defendant City and defendant White timely filed their Answer on the same date, October 4, 2010, therefore, defendant White's failure to waive service caused no delay in the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Taxation of Costs of Service to be Assessed Against Defendant Michael White is **DENIED**. [Doc. 8]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of October, 2010.