**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-1429 NAB |
| | ) | |
| MICHAEL WHITE, *in his individual* | ) | **JURY TRIAL DEMANDED** |
| *capacity*, JOHN BEAIRD *in his individual* | ) | |
| *capacity*, KIM TIHEN, *in her individual* | ) | |
| *capacity*, and CITY OF FERGUSON, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

COMES NOW Plaintiff Henry M. Davis (hereinafter "Plaintiff"), by and through his attorney,

pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Paragraph I.2 of this Honorable

Court's Case Management Order dated January 31, 2013 (Doc. #48)  and for his First Amended

Complaint against Defendant Michael White (hereinafter "Defendant White"), Defendant John

Beaird (hereinafter "Defendant Beaird"), Defendant Kim Tihen (hereinafter "Defendant Tihen")

and Defendant City of Ferguson, Missouri (hereinafter "Defendant City of Ferguson") and

respectfully states to this Honorable Court the following:

1.      This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of

recovery for deprivations of Plaintiff's rights and for state law claims against all Defendants.

2.      Plaintiff sues Defendant White in his individual capacity.

3.      Plaintiff sues Defendant Beaird in his individual capacity.

4.      Plaintiff sues Defendant Tihen in her individual capacity.

## JURISDICTION

5.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3). The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

6.     The State of Missouri has waived sovereign immunity against the individual police officers and the City of Ferguson by the enactment of § 105.711, *et seq*[1].

## VENUE

7.     Venue is proper under 28 U.S.C. § 1391(b).

8.     Defendant City of Ferguson is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

9.     Defendant White, at all times relevant herein, was a City of Ferguson police officer working under the direction and control of the Defendant City of Ferguson.

10.    Defendant Beaird, at all times relevant herein, was a City of Ferguson police officer working under the direction and control of the Defendant City of Ferguson.

11.    Defendant Tihen, at all times relevant herein, was a City of Ferguson police officer working under the direction and control of the Defendant City of Ferguson.

## COLOR OF STATE LAW

12.    At all relevant times, Defendant White acted under color of state law.

13.    Particularly, Defendant White acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

14.    At all relevant times, Defendant Beaird acted under color of state law.

15.    Particularly, Defendant Beaird acted under color of the laws, statutes, ordinances,

---

[1] Smith v. State of Missouri, 152 S.W.3d 275 (Mo. 2005). *See also* Thomas v. St. Louis Board of Police Commissioners, 447 F.3d 1082 (8th Cir. 2006).

regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

16.     At all relevant times, Defendant Tihen acted under color of state law.

17.     Particularly, Defendant Tihen acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

18.     On or about September 20, 2009, Plaintiff was driving eastbound on Interstate 270 and he was stopped by a St. Charles County Deputy at the W. Florissant exit.

19.     The Ferguson Police Department was summoned to the stop location.

20.     Defendant Beaird arrived at the stop location and told Plaintiff he was being arrested and taken to the police station because Plaintiff had outstanding warrants for his arrest.

21.     At the Ferguson jail, Defendant Beaird ordered Plaintiff to enter a cell occupied by another individual.

22.     The cell Plaintiff was asked to enter had one bed and the other individual was lying on the bed when Plaintiff was ordered into the cell.

23.     It was approximately 3:30 – 4:00 a.m. at the time of the occurrence.

24.     Plaintiff saw mats nearby in the jail and noticed another cell occupied by an individual lying on a mat and another individual lying in the bed in the same cell.

25.     Plaintiff asked Defendant Beaird for a mat and Defendant Beaird told Plaintiff that he wasn't getting one.

26.     Plaintiff simply asked Defendant Beaird why he couldn't have a mat like the individual in the other cell.

27.     Defendant Beaird called other officers to the area outside the cell and told the other officers that Plaintiff was being belligerent and failing to comply with his orders.

28.     At least five (5) Ferguson police officers arrived at the area just outside the cell, including Defendant White and Defendant Tihen.

29.     Defendant White charged Plaintiff and grabbed and slammed Plaintiff in the cell against the back wall.

30.     Defendant White then ran out of the cell and while doing so, other officers came in the cell towards Plaintiff and Plaintiff went down to the floor on his stomach.

31.     While Plaintiff was on the floor, Defendant Beaird struck Plaintiff with his hand in Plaintiff's body multiple times.

32.     While Plaintiff was on the floor, Defendant Tihen struck Plaintiff with her hand in Plaintiff's head multiple times.

33.     Defendant Tihen then got on Plaintiff's back and handcuffed Plaintiff with Plaintiff's arms behind his back and lying on his stomach.

34.     Just before Plaintiff was picked up to his feet, Defendant White rushed in the cell a second time and kicked Plaintiff in the head while Plaintiff was on the floor and handcuffed with his arms behind his back.

35.     Plaintiff's head bled excessively.

36.     Defendant White's actions caused Plaintiff great pain.

37.     Defendant Beaird's actions caused Plaintiff great pain.

38.     Defendant Tihen's actions caused Plaintiff great pain.

39.     Plaintiff later received medical treatment at SSM St. Joseph Health Center for the injuries to his head.

40.     Plaintiff filed his original Complaint in this case on August 5, 2010.

41.     Defendant City of Ferguson acknowledged receipt of the original Complaint on

August 10, 2010.

42.     On September 2, 2010, Defendant Beaird applied for a warrant with the St. Louis County Prosecuting Attorney's Office for a felony charge against Plaintiff for Assault on Law Enforcement Officer.

43.     A criminal case was commenced against Plaintiff in the Circuit Court for the County of St. Louis, State of Missouri captioned: *State of Missouri vs. Henry M. Davis; Case No. 10SL-CR07793-01* (the "Criminal Case").

44.     On January 15, 2013 an Order of Nolle Prosequi was entered in the Criminal Case and the Criminal Case was dismissed.

45.     On September 24, 2009 Defendant Beaird executed four (4) separate, sworn affidavits of municipal informations complaining that Plaintiff committed the municipal offenses of property damage.

46.     The four (4) separate, sworn affidavits of municipal informations complaining that Plaintiff committed the municipal offenses of property damage executed under oath by Defendant Beaird on September 24, 2009 were false.

47.     A municipal case was commenced against Plaintiff in the Municipal Court of Ferguson, Missouri captioned: *The City of Ferguson vs. Henry M. Davis; Case No. 09-16166* (the "Municipal Case").

48.     Two of the four counts of property damage in the Municipal Case were dismissed.

49.     Plaintiff pled guilty to the other two of the four counts of property damage in the Municipal Case.

## COUNT I
### VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### AGAINST DEFENDANT MICHAEL WHITE, DEFENDANT JOHN BEAIRD
### AND DEFENDANT KIM TIHEN
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
### AND ATTORNEY'S FEES

50.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

51.    Defendant White used excessive and unreasonable force when he slammed Plaintiff against the wall and when he kicked Plaintiff in the head.

52.    Defendant Beaird used excessive and unreasonable force when he struck Plaintiff with his hand in Plaintiff's body multiple times.

53.    Defendant Tihen used excessive and unreasonable force when she struck Plaintiff with her hand in Plaintiff's head multiple times.

54.    The right to be free from excessive force is clearly established[2].

55.    At the time of the use of excessive force by Defendant White, Defendant Beaird and Defendant Tihen, Plaintiff:

        a.    Had not committed a serious crime;

        b.    Presented no threat to the safety of the officers or others;

        c.    Was not actively resisting arrest; and

        d.    Was not attempting to evade arrest by flight[3].

56.    Defendant White, Defendant Beaird and Defendant Tihen used greater force than was necessary in light of the facts and circumstances confronting them[4].

57.    Defendant White, Defendant Beaird and Defendant Tihen acted in a manner, which was objectively unreasonable.

58.    A reasonable officer, without the benefit of 20/20 hindsight, would not have used

---

[2] Guite v. Write, 147 F.3d 747, 750 (8th Cir. 1998).
[3] Kukla v. Hulm, 310 F.3d 1046, 1050 (8th Cir. 2002).
[4] Id.

such force under similar circumstances[5].

59.     This case is not in a "hazy border", but is unequivocal[6].

60.     The actions of Defendant White, Defendant Beaird and Defendant Tihen violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be:

        a.     Safe from the unreasonable use of force; and

        b.     Safe from the use of excessive force[7].

## Compensatory Damages

61.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant White, Defendant Beaird and Defendant Tihen in their individual capacity.

## Punitive Damages

62.     Defendant White, Defendant Beaird and Defendant Tihen's respective actions against Plaintiff were:

        a.     Reckless;

        b.     Showed callous indifference toward the rights of Plaintiff; and

        c.     Were taken in the face of a perceived risk that the actions would violate federal law.

63.     Plaintiff is entitled to an award of punitive damages against Defendant White, Defendant Beaird and Defendant Tihen in their individual capacity, in order to punish them and to deter others.

## Attorney's Fees

64.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

---

[5] Rahn v. Hawkins, 2006 WL 2707643 (8th Cir. 2006).
[6] Saucier v. Katz, 533 U.S. 194, 206 (2001).
[7] McGruder v. Heagwood, 197 F.3d 918, 919 (8th Cir. 1999).

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant White, Defendant Beaird and Defendant Tihen in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS - SUBSTANTIVE DUE PROCESS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT**
**AGAINST DEFENDANT JOHN BEAIRD**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

65.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

66.     Defendant Beaird deliberately fabricated evidence against Plaintiff by executing four (4) separate, sworn false affidavits of municipal informations complaining that Plaintiff committed the municipal offenses of property damage[8].

67.     Defendant Beaird's false affidavits violated Plaintiff's due process rights as it was used to deprive Plaintiff of his liberty in the prosecution of the Municipal Case against Plaintiff[9].

68.     Defendant Beaird's executing false affidavits shocks the conscience.

69.     The right to be free from the use of false evidence to secure a conviction was clearly established in 2009[10].

**Compensatory Damages**

70.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant Beaird in his individual capacity.

**Punitive Damages**

71.     Defendant Beaird's actions were:

---

[8] Winslow v. Smith, No. 11-2882, slip op. at 20 (8th Cir. Oct. 15, 2012).
[9] Id. at 25.
[10] *See* Napue v. Illinois, 360 U.S. 264, 269 (1959).

a.      Reckless;

b.      Showed callous indifference toward the rights of Plaintiff; and

c.      Were taken in the face of a perceived risk that the actions would violate federal law.

72.      Plaintiff is entitled to an award of punitive damages against Defendant Beaird in his individual capacity, in order to punish him and to deter others.

**Attorney's Fees**

73.      Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Beaird in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS – RETALIATORY PROSECUTION**
**42 U.S.C. § 1983 AND FIRST AMENDMENT**
**AGAINST DEFENDANT JOHN BEAIRD**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

74.      Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

75.      Plaintiff engaged in the protected activity of filing his original complaint under 42 U.S.C. § 1983 in this case asserting violation of his civil rights[11].

76.      After Plaintiff filed his original complaint under 42 U.S.C. § 1983 in this case, Defendant White told Defendant Beaird about this case.

77.      Defendant Beaird applied for felony warrants with the St. Louis County Prosecutor's

---

[11] Greenwood v. Ross, 778 F.2d 448, 457 (8th Cir. 1985)

9

Office after hearing about this case in retaliation of Plaintiff asserting violations of his civil rights.

78.     There was a lack of probable cause relating to the Criminal Case that was subsequently nolle prosequi by the St. Louis County Prosecutor's Office[12].

79.     Defendant Beaird's actions caused injury to Plaintiff in Plaintiff being arrested, jailed and subsequently prosecuted.

### Compensatory Damages

79.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant Beaird in his individual capacity.

### Punitive Damages

80.     Defendant Defendant Beaird's actions were:

    a.     Reckless;

    b.     Showed callous indifference toward the rights of Plaintiff; and

    c.     Were taken in the face of a perceived risk that the actions would violate federal law.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Beaird in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT IV
### VIOLATION OF CIVIL RIGHTS – MALICIOUS PROSECUTION
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### AGAINST DEFENDANT JOHN BEAIRD
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
### AND ATTORNEY'S FEES

81.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

---

[12] Williams v. City of Carl Junction, Missouri, 480 F.3d 871, 875-76 (8th Cir. 2007).

82.     Defendant Beaird applied for felony warrants with the St. Louis County Prosecutor's Office after hearing about this case from Defendant White in retaliation of Plaintiff asserting violations of his civil rights.

83.     Defendant Beaird's actions initiated the Criminal Case against Plaintiff and Plaintiff was subsequently seized after a warrant was issued and required to post bond.

83.     There was a lack of probable cause relating to the Criminal Case that was subsequently nolle prosequi by the St. Louis County Prosecutor's Office[13].

84.     As a result of Defendant Beaird's actions, Plaintiff's seizure was unreasonable.

85.     The right to be free from malicious prosecution is clearly established[14].

86.     The actions of Defendant Beaird violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983 to be free from unreasonable seizure.

## Compensatory Damages

87.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant Beaird in his individual capacity.

## Punitive Damages

88.     Defendant Beaird's actions against Plaintiff were:

a.      Reckless;

b.      Showed callous indifference toward the rights of Plaintiff; and

c.      Were taken in the face of a perceived risk that the actions would violate federal law.

89.     Plaintiff is entitled to an award of punitive damages against Defendant Beaird in his individual capacity, in order to punish him and to deter others.

---

[13] Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003).
[14] Albright v. Oliver, 510 U.S. 266, 271 (1994); Harrington v. City of Council Bluffs, 678 F.3d 676, 680-81 (8th Cir. 2012).

**Attorney's Fees**

90.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Beaird in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT V**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST**
**DEFENDANT CITY OF FERGUSON, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

91.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**1st Alternative Basis of Municipal Liability**

**Delegation to Defendant White, Defendant Beaird and Defendant Tihen**

92.     As the first alternate basis for liability against Defendant City of Ferguson, the policy maker for Defendant City of Ferguson is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant White, Defendant Beaird and Defendant Tihen to make policy.

93.     The delegation of authority by the actual policy maker of Defendant City of Ferguson placed Defendant White in a policy making position, and the acts of Defendant White, Defendant Beaird and Defendant Tihen may fairly be said to be those of the municipality[15].

94.     Those acts therefore subject Defendant City of Ferguson to liability for the

---

[15] Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397 (1997).

constitutional violations of Defendant White, Defendant Beaird and Defendant Tihen[16].

**2nd Alternative Basis of Municipal Liability – Failure to Hire, Train, Supervise, Control**

95.     As the second alternative basis for liability against Defendant City of Ferguson, Defendant City of Ferguson failed to properly hire, train, supervise, control and/or discipline Defendant White, Defendant Beaird and Defendant Tihen. Defendant City of Ferguson was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant White, Defendant Beaird and Defendant Tihen, such that those failures reflected a deliberate or conscious choice by Defendant City of Ferguson[17].

96.     Those deficiencies caused Plaintiff damages[18].

97.     In light of the fact that it was Defendant White, Defendant Beaird and Defendant Tihen who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Ferguson can reasonably be said to have been deliberately indifferent to the need[19].

98.     If Defendant City of Ferguson had properly hired, trained, supervised, controlled and/or disciplined Defendant White, Defendant Beaird and Defendant Tihen, the constitutional violations committed by Defendant White, Defendant Beaird and Defendant Tihen would not have occurred.

99.     These failures by Defendant City of Ferguson to hire, train, supervise, control and/or discipline Defendant White, Defendant Beaird and Defendant Tihen subject Defendant City of Ferguson to liability for the constitutional violations committed by Defendant White, Defendant

---

[16] Id. at 483; *see also* Kujawski v. Board of Com'rs of Bartholomew County, Ind., 183 F.3d 734, 737 (7th Cir. 1999).
[17] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[18] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[19] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

Beaird and Defendant Tihen.

### 3rd Alternative Basis of Municipal Liability – Pattern of Transgressions

100.    As the third alternative basis for liability against Defendant City of Ferguson, the acts of Defendant White, Defendant Beaird and Defendant Tihen were part of a pattern of transgressions, of which Defendant City of Ferguson knew or should have known. The failure of Defendant City of Ferguson to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant City of Ferguson to condone or otherwise tolerate such constitutional violations.

101.    Defendant City of Ferguson thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[20].

102.    Defendant City of Ferguson's failure amounted to deliberate indifference to the rights persons with whom Defendant White, Defendant Beaird and Defendant Tihen came in contact, particularly including Plaintiff.

103.    Those failures by Defendant City of Ferguson to act proactively to prevent these constitutional violations subject Defendant City of Ferguson to liability for the constitutional violations committed by Defendant White, Defendant Beaird and Defendant Tihen.

### Waiver of Sovereign Immunity

104.    Upon information and belief, at the relevant time, Defendant City of Ferguson had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

---

[20] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

105.    The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of Ferguson[21].

106.    Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of Ferguson.

**Attorney's Fees**

107.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Ferguson for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT VI**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST**
**DEFENDANT CITY OF FERGUSON, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

108.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

109.    At all relevant times Defendant White, Defendant Beaird and Defendant Tihen were:

   a.    Serving as an employee of Defendant City of Ferguson as a police officer;

   b.    Engaging in a government function; and

   c.    Acting within the course and scope of that employment.

110.    Defendant City of Ferguson is liable under a theory of *respondeat superior*[22].

111.    The actions of Defendant White, Defendant Beaird and Defendant Tihen caused Plaintiff to suffer the damages outlined herein.

---

[21] RSMo. 71.180 and/or 537.610.

[22] Plaintiff makes this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).

15

**Compensatory Damages**

112.    Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of Ferguson.

**Attorney's Fees**

113.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Ferguson for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**SUPPLEMENTAL STATE CLAIMS**

**COUNT VII**
**ASSAULT AND BATTERY**
**AGAINST DEFENDANT MICHAEL WHITE, DEFENDANT JOHN BEAIRD**
**AND DEFENDANT KIM TIHEN**
**FOR COMPENSATORY AND PUNITIVE DAMAGES AND**
**AGAINST DEFENDANT CITY OF FERGUSON, MISSOURI**
**FOR COMPENSATORY DAMAGES ONLY**

114.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

115.    Defendant White's slamming Plaintiff against the wall and kicking Plaintiff in the head constituted an assault and battery[23].

116.    Defendant Beaird's striking Plaintiff with his hand in Plaintiff's body multiple times constituted an assault and battery[24].

117.    Defendant Tihen's striking Plaintiff with her hand in Plaintiff's head multiple times

---

[23] Geiger v. Bowersox, 974 S.W.2d 513, 516 (Mo. App. 1998).
[24] Id.

16

constituted an assault and battery[25].

118.    All actions by Defendant White, Defendant Beaird and Defendant Tihen were unlawful and unjustified.

119.    Defendant White, Defendant Beaird and Defendant Tihen had the apparent present ability to injure Plaintiff and to complete the assault.

120.    Plaintiff sustained damages as a result of the assault and battery[26].

121.    Plaintiff is entitled to compensatory and punitive damages for assault and battery against Defendant White, Defendant Beaird and Defendant Tihen as their actions were willful, wanton and malicious.

122.    At the time of the assault and battery of Plaintiff, Defendant White, Defendant Beaird and Defendant Tihen were ostensibly acting (even though improperly) to benefit his employer's policing function.

123.    Defendant White, Defendant Beaird and Defendant Tihen's actions were therefore within the scope of their employment.

124.    Defendant City of Ferguson is therefore liable under a theory of *respondeat superior*[27].

WHEREFORE, Plaintiff prays for judgment for assault and battery against Defendant White, Defendant Beaird and Defendant Tihen in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for assault and battery against Defendant City of Ferguson under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

---

[25] Id.

[26] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).

[27] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

## COUNT VIII
## MALICIOUS PROSECUTION
## AGAINST DEFENDANT JOHN BEAIRD
## FOR COMPENSATORY AND PUNITIVE DAMAGES

125.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

126.    The prior Criminal Case against Plaintiff was commenced in the Circuit Court of St. Louis County in the State of Missouri[28].

127.    The prior Criminal Case against Plaintiff was instigated by Defendant Beaird by presenting alleged facts to the St. Louis County Prosecuting Attorney's Office[29].

128.    The prior Criminal Case against Plaintiff was terminated in Plaintiff's favor by an Order of Nolle Prosequi dismissing the case[30].

129.    There was lack of probable cause for the Criminal Case against Plaintiff[31].

130.    Plaintiff sustained damages as a result of the Criminal Case, including but not limited to, attorney's fees and costs[32].

131.    The prior Municipal Case against Plaintiff was commenced in the Municipal Court of Ferguson, Missouri.

132.    The prior Municipal Case against Plaintiff was instigated by Defendant Beaird by executing two (2) separate, sworn affidavits of municipal informations complaining that Plaintiff committed the municipal offenses of property damage.

133.    Two charges of property damage in the Municipal Case against Plaintiff were terminated in Plaintiff's favor by being dismissed.

134.    There was lack of probable cause for the two charges of property damage in the

---

[28] Anton v. Police Retirement Sys. of St. Louis, 925 S.W.2d 900, 905 (Mo. App. E.D. 1996).
[29] Id.
[30] Id.
[31] Id.
[32] Id.

Municipal Case against Plaintiff.

135.     Plaintiff sustained damages as a result of the two charges of property damage in the

Municipal Case, including but not limited to, attorney's fees.

136.     Plaintiff is entitled to compensatory and punitive damages for assault and battery

against Defendant Beaird as his actions were willful, wanton and malicious.

WHEREFORE, Plaintiff prays for judgment for malicious prosecution against Defendant

Beaird for compensatory damages in a fair and reasonable amount, for punitive damages and

Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
        James W. Schottel, Jr.    #51285MO
        906 Olive St., PH
        St. Louis, MO 63101
        (314) 421-0350
        (314) 421-4060 facsimile
        jwsj@schotteljustice.com

        Attorney for Plaintiff
        Henry M. Davis

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Peter J. Dunne
dunne@rpslaw.com

Peter M. Rohrich
Rohrich@pspclaw.com

Robert T. Plunkert
plunkert@pspclaw.com

Attorneys for Defendants
Michael White
City of Ferguson, Missouri


s/*James W. Schottel, Jr.*