**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

HENRY M. DAVIS,                              )
                                             )
      Plaintiff,                          )
                                             )
vs.                                          )          Case No. 4:10-CV-1429 NAB
                                             )
MICHAEL WHITE, et al.,                       )
                                             )
      Defendants.                         )

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
SECOND MOTION TO COMPEL
AGAINST DEFENDANT CITY OF FERGUSON, MISSOURI**

Plaintiff Henry M. Davis ("Plaintiff") respectfully moves this Court to compel discovery against Defendant City of Ferguson, Missouri ("Defendant Ferguson") (hereinafter the "Motion") and in support of said motion submits the following memorandum:

### I.    ARGUMENT

In answering interrogatories and responding to requests for production, Defendant Ferguson answered several interrogatories and responded to several requests for production "subject to" objections.. Plaintiff's argument on this issue is presented first and Plaintiff will not repeat the argument in each interrogatory/request for production.

Stating objections and then providing an answer or responding to a request for production "subject to and without waiving" the objections does not comply with the Federal Rules of Civil Procedure. Mann v. Island Resorts Dev., Inc.,  2009 WL 6409113 (N.D. Fla. Feb. 27, 2009). In *Mann*, the court stated:

> "…if an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, this court is reluctant to sustain the objection.
> …

Similarly, Rule 34(b)(2), relating to RFPs, provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and *permit inspection of the rest.* Rule 36(a), relating to requests for admission, contains substantially the same language. Thus, a responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices. Second, although the practice is common, the only reported decision this court has found that directly addresses the question is *Meese v. Eaton Mfg. Co.,* 35 F.R.D. 162, 166 (N.D. Ohio 1964), which held that "[w]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." *See also,* Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173: "A voluntary answer to an interrogatory is also a waiver of the objection." Third, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. What this response really says is that counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. In this court, however, no objections are "reserved" under the rules; they are either raised or they are waived."

Mann v. Island Resorts Dev., Inc., 2009 WL 6409113 (N.D. Fla. Feb. 27, 2009).

For the answers to interrogatories and responses to requests for production by Defendant Ferguson that are given "subject to" objections, Plaintiff respectfully requests that all of those objections waived.

Additionally, Defendant Ferguson's answers to interrogatories and responses to requests for production were not served within thirty (30) days of service and all objections are waived. With respect to Rule 34 of the Federal Rules of Civil Procedure, this Court in *Huggins v. Fed. Express Corp.* specifically stated that:

"[T]he responding party must answer each document request separately and fully within 30 days of service. Fed.R.Civ.P. 34(b)(2)(A)-(B). A party's failure to specifically object to each request will constitute waiver of the same. *Id.* R. 34(b)(2)(B)."

Huggins v. Fed. Express Corp., 250 F.R.D. 404, 408-09 (E.D. Mo. 2008). Rule 33(b)(2) of the Federal Rules of Civil Procedure contains the exact same thirty-day requirement with respect to interrogatories.

2

A.   **Interrogatory No. 2.**

Plaintiff's Interrogatory No. 2, with subparts, sets forth the following:

"2.     For each Officer referenced in Interrogatory No. 1 above, please state whether that person struck, hit, kicked, handcuffed or otherwise had physical contact of any nature with Plaintiff. If any Officer struck, hit, kicked, handcuffed or otherwise had physical contact of any nature, please describe such physical contact."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Ferguson's answer to Plaintiff's Interrogatory No. 2 sets forth the following:

"**OBJECTION: This interrogatory is overly broad, calls for a narrative response, and please see Use of Force Report, discovery responses of Kim Tihen, John Beaird, and Michael White, Ferguson Police Report and depositions in Plaintiffs criminal case. This information is also available from the depositions of any party or witness.**"

(*See Plaintiff's Exhibit 3 attached to the Motion*).

This interrogatory is to a limited number of officers that Defendant Ferguson listed in its answer to Interrogatory No. 1 and is not overly broad. Further, just because the interrogatory asks to "describe" does not mean that it calls for a narrative response. Seeing the Use of Force report does not answer the interrogatory. Referring to other parties' discovery responses and depositions in Plaintiff's criminal cases also does not answer the interrogatory and does not comply with Rule 33.

Defendant Ferguson appears to attempt to rely on Rule 33(d). Any such reliance is improper and is solely an attempt to avoid answering the interrogatory. "Federal Rule 33(d) is not a procedural device for avoiding the duty to provide information in response to an interrogatory." Pepperwood of Naples Condominium Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co., 2011 WL 4596060, 6 (M.D. Fla. 2011); *see also* Mullins v. Prudential Ins. Co. of America, 267 F.R.D. 504, 514 (W.D. Ky. 2010); United States, ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006) ("Generally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers ... But where

information is contained in business records and answering the question would require the responding party to engage in burdensome or expensive research, the responding party may answer by specifying the records from which the answer may be obtained and making them available for inspection by the party seeking discovery.") (citations omitted).

This Interrogatory does not require Defendant Ferguson does not require it to engage in burdensome or expensive research. This a standard interrogatory asked in a civil rights case such as this. To allow Defendant Ferguson to discharge their obligation to answer this Interrogatory would defeat the purpose and intent of Rule 33 of the Federal Rules of Civil Procedure.

Rule 33(d) also refers to "a party's business records". *See* Fed. R. Civ. P. 33(d). Defendant Ferguson states in its answer to please see, "depositions in Plaintiffs criminal case." Depositions are not Rule 33(d) business records. *See* U.S. S.E.C. v. Elfindepan, S.A., 206 F.R.D. 574, 577-78 (M.D. N.C. 2002); Starlight Intern., Inc. v. Herlihy, 186 F.R.D. 626, 640 (D. Kan. 1999); Melius v. National Indian Gaming Com'n, No. CIVA98-2210 (TFH/JMF), 2000 WL 1174994 *1 n. 2 (D.D.C. July 21, 2000) (collecting cases).

## B.    Interrogatory No. 3.

Plaintiff's Interrogatory No. 3 sets forth the following:

"3.    For each Officer referenced in Interrogatory No. 1 above, please state where Plaintiff was observed, what Plaintiff was doing, what Plaintiff was wearing and whether Plaintiff had any visible injuries."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Ferguson's answer to Plaintiff's Interrogatory No. 3 sets forth the following:

"**See Objection and response to interrogatory answer 2, above.**"

(*See Plaintiff's Exhibit 3 attached to the Motion*).

Plaintiff reasserts and incorporates by reference his argument in Section A above.

4

Additionally, Rule 33 of the Federal Rules of Civil Procedure does not permit reference to answer response to a different interrogatory. Defendant Ferguson's "See Objection and response to interrogatory answer 2, above." is a failure to answer the interrogatory.

**C.      Interrogatory No. 4.**

Plaintiff's Interrogatory No. 4 sets forth the following:

"4.      Identify all documents that reference in any way contact by Officers of the Ferguson Police Department with Plaintiff described in the Complaint, including, but not limited to, police reports, investigation reports, Computer Assisted Dispatch (CAD) sheets, radio tape transcripts, patrol logs, custody logs and use of force forms."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Ferguson's answer to Plaintiff's Interrogatory No. 4 sets forth the following:

"**See response to interrogatory answer 2, above, and previous documents produced in discovery in this matter. The police report contains the CAD sheets regarding the subject incident. In addition, see records produced previously regarding Michael White's personal injuries, and documents previously produced to Plaintiff.**"

(*See Plaintiff's Exhibit 3 attached to the Motion*).

Defendant Ferguson's answer is nonresponsive to the Interrogatory that was asked. Plaintiff simply asked Defendant Ferguson to **identify documents that reference in any way contact by Officers of the Ferguson Police Department with Plaintiff**.

**D.      Interrogatory No. 5.**

Plaintiff's Interrogatory No. 5 sets forth the following:

"5.      Please state the number of unreasonable/excessive force complaints received, reviewed, and/or investigated by the Ferguson Police Department in each of the past seven (7) years. For each year, further identify the number of complaints that were determined to be sustained in whole or in part and state what disciplinary action, if any was taken as to the charged officer(s)."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Ferguson's answer to Plaintiff's Interrogatory No. 5 sets forth the following:

"**Defendant objects on the grounds this is overly broad with respect to time and overly burdensome. Subject to this, and since March of 2010, four use of force complaints, none of which were sustained and none of which were against the named defendants.**"

(*See Plaintiff's Exhibit 3 attached to the Motion*).

First, in an attempt to clarify and amicably resolve the Defendant's objections, Plaintiff requested that Interrogatory No. 5 be answered as to the seven (7) years prior to the date of the incident. This Interrogatory No. 5 simply asks for the number of unreasonable/excessive force complaints made in seven (7) years prior to the date of the incident. The date of the incident in this case was September 20, 2009, so Plaintiff is seeking complaints from the period of September 20, 2002 to September 20, 2009. After stating objections, Defendant Ferguson states, "since March of 2010, four use of force complaints, none of which were sustained and none of which were against the named defendants." This answer doesn't even respond to the time period Interrogatory No. 5 asks about.

## E.    Interrogatory No. 6.

Plaintiff's Interrogatory No. 6 sets forth the following:

"6.    For each Officer referenced in Interrogatory No. 1 above, please state all incidents for which he or she has been the subject of a police department investigation for misconduct for the entire period of his or her employment with the Ferguson Police Department. For each incident, further identify the outcome of the investigation, including both the decision rendered and any disciplinary action or other consequence that followed as a result therefrom."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Ferguson's answer to Plaintiff's Interrogatory No. 6 sets forth the following:

"**Defendant objects on the grounds this request is overbroad, not reasonably limited in scope or time and requests confidential information. *See Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 319 n.16 *(1979); see also State ex rel Delmar Gardens North Operating, LLC v. Gaertner,* 239 S.W.3d 608, 611 (Mo.**

6

**bane 2007) ("Missouri recognizes a right of privacy in personnel records that should not be lightly disregarded or dismissed"). Subject to this objection, Defendant responds as follows: Ferguson Police Officers White, Tihen, Ballard, Mudd, Pillarek, Wilson, Dicarli and Beaird have never been accused of excessive force to my knowledge.**"

(*See Plaintiff's Exhibit 3 attached to the Motion*).

First, Defendant Ferguson cites to a footnote of a Supreme Court case, <u>Detroit Edison Co. v. N.L.R.B.</u>, 440 U.S. 301, 319 n.16 (1979). The citation in no way supports Defendant Ferguson's position that disclosure of the information requested is prohibited from disclosure.

Defendant Ferguson again states objections and then provides an answer. Defendant Ferguson's objections should be overruled. After making the objections, Defendant Ferguson states, "Ferguson Police Officers White, Tihen, Ballard, Mudd, Pillarek, Wilson, Dicarli and Beaird have never been accused of **excessive force** to my knowledge." (*emphasis added*). Again, Defendant Ferguson decides to answer part of the interrogatory. Interrogatory No. 6 does not ask if the officers were "accused of excessive force",  Interrogatory No. 6 asks, "please state all incidents for which he or she has been the subject of a police department investigation for misconduct for the entire period of his or her employment with the Ferguson Police Department." Defendant Ferguson simply refuses to answer the interrogatory, just as it has with all of the other interrogatories referenced herein.

## F.   Interrogatory No. 7.

Plaintiff's Interrogatory No. 7 sets forth the following:

"7.    Please state whether the Ferguson Police Department and or the City of Ferguson has a procedure or system in place to identify police officers who have been the subject of previous citizens' complaints or internal departmental complaints of misconduct. If so, provide a detailed description of the nature of such a procedure or system, including the date on which the procedure or system was initiated, a description of any documents, forms, directives and memoranda, which relate to or are employed in connection with such procedure or system and detailed description of the manner in which the procedure or system functions."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Ferguson's answer to Plaintiff's Interrogatory No. 7 sets forth the following:

"**OBJECTION: This interrogatory is overly broad, vague, calls for speculation as to its scope and meaning, calls for a narrative response and amounts to an unreasonable fishing expedition. Subject to this objection, Defendant responds as follows: Yes. An officer can be identified in a citizen complaint. See the Ferguson Police Department Policy and Procedure Manual. When a complaint is made it is investigated. All complaints are investigated pursuant to the Policy and Procedure Manual. After investigation, the complaint is either sustained, not sustained, determined to be inconclusive or the officer may be exonerated. If a complaint is sustained, the officer is referred to the Chief of Police for discipline. Discipline may be counseling, oral or written reprimand, loss of benefits, suspension, demotion or fired.**"

(*See Plaintiff's Exhibit 3 attached to the Motion*).

Defendant Ferguson again states objections and then provides an answer. Defendant Ferguson's objections should be overruled. After making the objections, Defendant Ferguson provides an answer but conveniently failed to answer what was specifically asked in Interrogatory No. 6: "the date on which the procedure or system was initiated." Defendant Ferguson again fails to provide a complete answer and only answers the portions of the interrogatory it wishes to answer.

**G.      Request to Produce No. 1.**

Plaintiff's Request for Production No. 1 sets forth the following:

"1.       Please produce all of Defendant John Beaird's personnel files maintained by you or the Ferguson Police Department for the last seven (7) years. Please redact information protected by privacy laws, including Defendant John Beaird's social security number and health care records."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Ferguson's response to Plaintiff's Request for Production No. 1 sets forth the following:

8

"**Defendant objects on the grounds this request is overbroad, not reasonably limited in scope or time and requests confidential information.** *See Detroit Edison Co. v. N.L.R.B.,* **440 U.S. 301, 319 n.16** *(1979); see also State ex rel. Delmar Gardens North Operating, LLC v. Gaertner,* **239 S.W.3d 608, 611 (Mo. bane 2007) ("Missouri recognizes a right of privacy in personnel records that should not be lightly disregarded or dismissed"). Subject to this objection: See attached CoF 00612 - 645, 783 - 945.**"

(*See Plaintiff's Exhibit 4 attached to the Motion*).

Defendant Ferguson cites to a footnote of a Supreme Court case, <u>Detroit Edison Co. v. N.L.R.B.</u>, 440 U.S. 301, 319 n.16 (1979). The citation in no way supports Defendant Ferguson's position that disclosure of Defendant John Beaird's personnel files are prohibited from disclosure. Plaintiff's First Amended Complaint alleges that Defendant John Beaird used excessive force against Plaintiff and fabricated evidence by executing sworn false affidavits of municipal informations against Plaintiff. Plaintiff's First Amended Complaint further alleges that Defendant Ferguson failed to properly hire, train, supervise, control and discipline Defendant John Beaird. Plaintiff further alleges that Defendant John Beaird's actions were part of a pattern of transgressions.

Despite Defendant Ferguson's position, several courts have ordered production of officer's personnel files. *See* <u>Wolfe v. Green</u>, 257 F.R.D. 109 (S.D. W. Va. 2009); <u>Jones v. DeRosa</u>, 238 F.R.D. 157 (D. N.J. 2006); <u>Smith v. Goord</u>, 222 F.R.D. 238 (N.D. N.Y. 2004). <u>Floren v. Whittington</u>, 217 F.R.D. 389 (S.D. W. Va. 2003); <u>Soto v. City of Concord</u>, 162 F.R.D. 603 (N.D. Cal. 1995); <u>Green v. Fulton</u>, 157 F.R.D. 136 (D. Me. 1994). Even personnel files of officers who were not named as defendants, but were present at the scene have been ordered to be produced as relevant to the issues of city's hiring, training, supervision, and control policies. <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227 (S.D. Cal. 1993). Where a Plaintiff asserts municipal liability under 42 U.S.C.A. § 1983 for a police officer's conduct, the Plaintiff is entitled to factual information

concerning the officer's alleged past violations, and also to information concerning his superior's knowledge of those violations and what, if anything, they did about them. Everitt v. Brezzel, 750 F.Supp. 1063 (D. Colo. 1990).

Courts have ordered officer's personnel files disclosed in accordance with a protective order. *See* Floren v. Whittington, 217 F.R.D. 389 (S.D. W.Va. 2003). Judge Hamilton in this Court also ordered a supervisor's personnel file to be produced under a protective order in a civil rights employment discrimination case. *See* Lyoch v. Anheuser-Busch Companies, Inc., 164 F.R.D. 62 (E.D. Mo. 1995).

Defendant Ferguson also cites to a Missouri Supreme Court case stating that there are privacy rights in personnel records. The case before the court is based on a federal question and federal law applies. Doe v. Nebraska, 788 F.Supp.2d 975, 984 (2011); *see also* Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985). Defendant John Beaird's personnel files are discoverable based upon Plaintiff's claims and the case law. Plaintiff requests that this Court order Defendant Ferguson's objections waived, or in the alternative overrule Defendant Ferguson's objections and compel disclosure of Defendant John Beaird's personnel files under a protective order.

Lastly, Defendant Ferguson responds by objecting and then states, "Subject to this objection: See attached CoF 00612 - 645, 783 - 945." This type of response does not comply with the Federal Rules of Civil Procedure. The documents produced were an application, certificates and performance evaluations. If there were any complaints or discipline against Defendant Beaird, none have been produced and Plaintiff has no way of knowing by the form of Defendant Ferguson's response. Plaintiff has no way of knowing if full disclosure has been made.

Most importantly, Defendant Ferguson has produced several pages that are completely blackened. It is clear that Defendant Ferguson is withholding documents. Plaintiff respectfully

requests that Defendant Ferguson's objections be overruled and that full disclosure be made responsive to Plaintiff's Request for Production No. 1.

**H.      Request to Produce No. 2.**

Plaintiff's Request for Production No. 2 sets forth the following:

"2.      Please produce all of Defendant Kim Tihen's personnel files maintained by you or the Ferguson Police Department for the last seven (7) years. Please redact information protected by privacy laws, including Defendant Kim Tihen's social security number and health care records."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Ferguson's response to Plaintiff's Request for Production No. 2 sets forth the following:

"**See objection to request 1, above. Subject to this objection: See attached CoF 00646 - 669, 717 - 782.**"

(*See Plaintiff's Exhibit 4 attached to the Motion*).

Plaintiff reasserts and incorporates by reference his argument in Section G above. Defendant Ferguson responds by objecting and then states, "Subject to this objection: See attached CoF 00646 - 669, 717 - 782." This type of response does not comply with the Federal Rules of Civil Procedure. The documents produced were an application, certificates and performance evaluations. If there were any complaints or discipline against Defendant Tihen, none have been produced and Plaintiff has no way of knowing by the form of Defendant Ferguson's response. Plaintiff has no way of knowing if full disclosure has been made. Plaintiff respectfully requests that Defendant Ferguson's objections be overruled and that full disclosure be made responsive to Plaintiff's Request for Production No. 2.

**I.      Request to Produce No. 5.**

Plaintiff's Request for Production No. 5 sets forth the following:

11

"5.    Please produce all records of all disciplinary actions taken against Defendant John Beaird by any and all law enforcement employers throughout Defendant John Beaird's career, to the extent such information is within your control."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Ferguson's response to Plaintiff's Request for Production No. 5 sets forth the following:

"**See objection and response to request 1, above.**"

(*See Plaintiff's Exhibit 4 attached to the Motion*).

Again, Defendant Ferguson fails to comply with the Federal Rules of Civil by responding to Plaintiff to see an objection and response made to a different request for production. The objections to Request No. 1 are: "overbroad, not reasonably limited in scope or time and requests confidential information." These objections should be overruled.

In an attempt to clarify and amicably resolve the Defendant's objections, Plaintiff requested that Request No. 5 be all records of all disciplinary actions taken against Defendant John Beaird prior to the date of the incident. Defendant Ferguson's response to Request No. 1 states that documents have been produced. However, none of the documents identified and produced by Defendant Ferguson are records of all disciplinary actions taken against Defendant John Beaird. Plaintiff respectfully requests this Honorable Court to order production.

**J.    Request to Produce No. 6.**

Plaintiff's Request for Production No. 6 sets forth the following:

"6.    Please produce all records of all disciplinary actions taken against Defendant Kim Tihen by any and all law enforcement employers throughout Defendant Kim Tihen's career, to the extent such information is within your control."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

12

Defendant Ferguson's response to Plaintiff's Request for Production No. 6 sets forth the following:

"**See objection and response to request 2, above.**"

(*See Plaintiff's Exhibit 4 attached to the Motion*).

Again, Defendant Ferguson fails to comply with the Federal Rules of Civil by responding to Plaintiff to see an objection and response made to a different request for production. This responses says, "See objection and response to request 2" and the response to Request No. 2 says, "See objection to request 1, above." Plaintiff cannot ascertain what the Defendant Ferguson's actually are, but whatever they are, they should be overruled. This is exactly why the rules require a <u>response</u> or an <u>objection</u> to each request for production. The rule does not permit reference to another response.

In an attempt to clarify and amicably resolve the Defendant's objections (whatever they are), Plaintiff requested that Request No. 6 be all records of all disciplinary actions taken against Defendant Kim Tihen prior to the date of the incident. The response to Request No. 2 states that documents have been produced. However, none of the documents identified and produced by Defendant Ferguson are records of all disciplinary actions taken against Defendant Kim Tihen. Plaintiff respectfully requests this Honorable Court to order production.

**K.      Request to Produce No. 12.**

Plaintiff's Request for Production No. 12 sets forth the following:

"12.      Please produce copies of all complaints which have been lodged in the last seven (7) years with you or the Ferguson Police Department against Defendant John Beaird by any and all citizens, to the extent such complaints relate to his work in the law enforcement field."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Ferguson's response to Plaintiff's Request for Production No. 12 sets forth the

following:

> **Defendant objects on the grounds this is overly broad as it requests incidents after the subject incident. Subject to this objection, none relating to excessive force.**

(*See Plaintiff's Exhibit 4 attached to the Motion*).

First, in an attempt to clarify and amicably resolve the Defendant's objections, Plaintiff requested that Request No. 12 be limited to the seven (7) years prior to the date of the incident. This Request No. 12 simply asks for production of citizen complaints made in seven (7) years prior to the date of the incident. The date of the incident in this case was September 20, 2009, so Plaintiff is seeking complaints from the period of September 20, 2002 to September 20, 2009. After stating objections, Defendant Ferguson states, "Subject to this objection, none relating to excessive force." This response is not complete. Defendant Ferguson unilaterally limits its response to citizen complaints <u>relating to excessive force</u>. Plaintiff respectfully requests this Honorable Court to order production.

**L.     Request to Produce No. 13.**

Plaintiff's Request for Production No. 13 sets forth the following:

> "13.     Please produce copies of all complaints which have been lodged in the last seven (7) years with you or the Ferguson Police Department against Defendant Kim Tihen by any and all citizens, to the extent such complaints relate to his work in the law enforcement field."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Ferguson's response to Plaintiff's Request for Production No. 13 sets forth the following:

> **"Officer Tihen is a female. Defendant objects on the grounds this is overly broad as it requests incidents after the subject incident. Subject to this objection, none relating to excessive force.**"

(*See Plaintiff's Exhibit 4 attached to the Motion*).

Plaintiff reasserts and incorporates by reference his argument in Section K above.

**M.    Request to Produce No. 14.**

Plaintiff's Request for Production No. 14 sets forth the following:

"14.    Please produce any and all law enforcement internal reports on the use of force by Defendant Kim Tihen in the course of her work as a law enforcement officer."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Ferguson's response to Plaintiff's Request for Production No. 14 sets forth the following:

"**Defendant objects on the grounds this is overly broad and unduly burdensome. Subject to that, since March of 2010, none.**"

(*See Plaintiff's Exhibit 4 attached to the Motion*).

Defendant Ferguson's objections as to overly broad and unduly burdensome should be overruled. Any internal investigation and subsequent report concerning Defendant Tihen and excessive force is relevant to Plaintiff's claims. Plaintiff has agreed to limit the request to prior to the date of the incident subject to this case. Defendant Ferguson also "subject to" the objections states, "since March of 2010, none." Defendant Ferguson's own limitation in its response fails to adequately respond to Request No. 14. Plaintiff respectfully requests this Honorable Court to order production.

**N.    Request to Produce No. 15.**

Plaintiff's Request for Production No. 15 sets forth the following:

"15.    Please produce any and all law enforcement internal reports on an alleged false arrest by Defendant John Beaird in the course of his work as a law enforcement officer."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Ferguson's response to Plaintiff's Request for Production No. 15 sets forth the

following:

>"**Defendant objects on the grounds this is overly broad and unduly
>burdensome. Subject to that, since March of 2010, none.**"

(*See Plaintiff's Exhibit 4 attached to the Motion*).

Defendant Ferguson's objections as to overly broad and unduly burdensome should be overruled. Any internal investigation and subsequent report concerning Defendant Beaird and false arrest is relevant to Plaintiff's claims. Plaintiff has agreed to limit the request to prior to the date of the incident subject to this case. Defendant Ferguson also "subject to" the objections states, "since March of 2010, none." Defendant Ferguson's own limitation in its response fails to adequately respond to Request No. 15. Plaintiff respectfully requests this Honorable Court to order production.

## II.    CONCLUSION

For the foregoing reasons, this Court should enter an order compelling Defendant City of Ferguson, Missouri to answer Plaintiff's Second Set of Interrogatories, enter an order compelling Defendant City of Ferguson, Missouri to respond to Plaintiff's Second Request for Production of Documents, enter an order compelling Defendant Ferguson produce documents and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
   James W. Schottel, Jr. #51285MO
   906 Olive St., PH
   St. Louis, MO 63101
   (314) 421-0350
   (314) 421-4060 facsimile
   jwsj@schotteljustice.com

   Attorney for Plaintiff
   Henry M. Davis

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 5, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

   Peter J. Dunne
   dunne@pspclaw.com

   Peter M. Rohrich
   rohrich@pspclaw.com

   Robert T. Plunkert
   plunkert@pspclaw.com

   Attorneys for Defendants
   Michael White
   John Beaird
   Kim Tihen
   City of Ferguson, Missouri

   s/*James W. Schottel, Jr.*

17