**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-1429 NAB |
| | ) | |
| MICHAEL WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL**
**AGAINST DEFENDANT JOHN BEAIRD AND DEFENDANT KIM TIHEN**

Plaintiff Henry M. Davis ("Plaintiff") respectfully moves this Court to compel discovery against Defendant John Beaird ("Defendant Beaird") and Defendant Kim Tihen ("Defendant Tihen") (hereinafter the "Motion") and in support of said Motion submits the following memorandum:

## I.     ARGUMENT

**A.     Interrogatory No. 12 – Defendant Beaird.**

Plaintiff's Interrogatory No. 12 directed to Defendant Beaird sets forth the following:

"12.     Please state the facts of what occurred when you encountered Plaintiff on the date of the incident mentioned in Plaintiff's Complaint. Your description should include, but not be limited to:

(a)     The circumstances in which you encountered Plaintiff and the reasons why you went to the location of the incident described in the Complaint;

(b)     The names and badge numbers of all Ferguson police officers or employees present during or having anything to do with the incident described in the Complaint;

(c)     The nature of the contact with Plaintiff, if any, and the reasons for the contact made with Plaintiff;

(d)     Whether and why you used physical force against Plaintiff; and

(e)     Whether Plaintiff used physical force against you, if so, the nature of the force used."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Beaird's answer to Plaintiff's Interrogatory No. 12 sets forth the following:

"**OBJECTION: This interrogatory is over broad, calls for a narrative response, amounts to a fishing expedition and is vague. Subject to this objection: See my deposition testimony from the underlying criminal matter.**"

(*See Plaintiff's Exhibit 5 attached to the Motion*).

This interrogatory is asking Defendant Beaird to state the facts of his encounter with Plaintiff, which is the heart of the case, relevant, material and within the scope of Rule 26 of the Federal Rules of Civil Procedure. Seeing the "deposition testimony from the underlying criminal matter" does not answer the interrogatory and does not comply with Rule 33.

Depositions are not Rule 33(d) business records. *See* U.S. S.E.C. v. Elfindepan, S.A., 206 F.R.D. 574, 577-78 (M.D. N.C. 2002); Starlight Intern., Inc. v. Herlihy, 186 F.R.D. 626, 640 (D. Kan. 1999); Melius v. National Indian Gaming Com'n, No. CIVA98-2210 (TFH/JMF), 2000 WL 1174994 *1 n. 2 (D.D.C. July 21, 2000) (collecting cases). "Federal Rule 33(d) is not a procedural device for avoiding the duty to provide information in response to an interrogatory." Pepperwood of Naples Condominium Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co., 2011 WL 4596060, 6 (M.D. Fla. 2011); *see also* Mullins v. Prudential Ins. Co. of America, 267 F.R.D. 504, 514 (W.D. Ky. 2010); United States, ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006).

**B.    Interrogatory No. 21 – Defendant Beaird and Defendant Tihen.**

Plaintiff's Interrogatory No. 21 sets forth the following:

"21.    State the nature of each real estate and personal asset held by you and/or your immediate family members, the current location of each asset, the current fair market value of each such asset, the name(s) and address(es) of any co-owners, and the length of time each such asset has been owned or possessed by you and/or your immediate family members. As to each such asset, state whether the asset is encumbered by any lien or other encumbrance and provide detailed information regarding the nature and current amount  of the lien or encumbrance,

2

and identify any deeds, certificates of title or other such documents evidencing an ownership interest."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Beaird's answer to Plaintiff's Interrogatory No. 21 sets forth the following:

**"Defendant objects on the grounds this is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, constitutes an unreasonable and overly broad fishing expedition and beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26. In addition, discovery of Defendant's assets is not allowed under Missouri law because the trial court has not made the requisite finding that Plaintiff will more likely than not be able to present a submissible claim for punitive damages. Mo. Rev. Stat. § 510.263.**"

(*See Plaintiff's Exhibit 5 attached to the Motion*).

Defendant Tihen's answer to Plaintiff's Interrogatory No. 21 sets forth the following:

**"Defendant objects on the grounds this is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, constitutes an unreasonable and overly broad fishing expedition and beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26. In addition, discovery of Defendant's assets is not allowed under Missouri law because the trial court has not made the requisite finding that Plaintiff will more likely than not be able to present a submissible claim for punitive damages. Mo. Rev. Stat. § 510.263.**"

(*See Plaintiff's Exhibit 7 attached to the Motion*).

First, Plaintiff agreed to strike the "immediate family members" portion of the interrogatory. "[W]hen punitive damages are claimed it is well settled that the net worth of the defendant is discoverable." Eastman Kodak Credit Corp. v. Gustin, No. 89–0355–CV–W–6, 1990 U.S. Dist. LEXIS 13500, at *2 (W.D.Mo. Oct. 9, 1990). "[A] plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages." Doe v. Young, No. 4:08CV 197, 2009 U.S. Dist. LEXIS 12116, at *6, 2009 WL 440478 (E.D.Mo. Feb. 18, 2009).

Judge Carol E. Jackson in this Eastern District also recently held:

"Further, defendants are incorrect in their argument that a party must first make a submissible case for punitive damages prior to requesting discovery of financial information. See *Christian v. Frank Bommarito Oldsmobile, Inc.*, 2009 WL 1657423, \*2–3 (E.D.Mo.2009) (a prima facie showing that the plaintiff is entitled to recover punitive damages is not a prerequisite to discovering defendant's financial condition)."

*See* Evantigroup, LLC v. Mangia Mobile, LLC, 2013 WL 74372, \*1 (E.D.Mo.2013). (*A courtesy copy is attached hereto*).

## C.  Request No. 11 – Defendant Beaird.

Plaintiff's Request for Production No. 11 sets forth the following:

"11.  Please produce all federal, state and local income tax returns and attachments thereto filed by all corporations, companies, partnerships and businesses owned in whole or in part by you for the five-year period ending with and including 2009."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Beaird's response to Plaintiff's Request for Production No. 11 sets forth the following:

"**Defendant objects on the grounds these interrogatories are overly broad in time and scope, unduly burdensome, are not reasonably calculated to lead to the discovery of admissible evidence, are intended only to annoy, oppress and embarrass this Defendant and constitute an unreasonable and intrusive fishing expedition. In addition, discovery of Defendant's assets is not allowed under Missouri law because the trial court has not made the requisite finding that Plaintiff will more likely than not be able to present a submissible claim for punitive damages. Mo. Rev. Stat. § 510.263.**"

(*See Plaintiff's Exhibit 6 attached to the Motion*).

Plaintiff reasserts and incorporates by reference his argument in Section B, above.

## D.  Request No. 12 – Defendant Beaird and Defendant Tihen.

Plaintiff's Request for Production No. 12 sets forth the following:

"12.  Please produce all personal federal, state and local income tax returns and attachments thereto filed by you for the five-year period ending with and including 2009."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendant Beaird's response to Plaintiff's Request for Production No. 12 sets forth the following:

"**See response to 11, above.**"

(*See Plaintiff's Exhibit 6 attached to the Motion*).

Defendant Tihen's response to Plaintiff's Request for Production No. 12 sets forth the following:

"**See response to 11, above.**"

(*See Plaintiff's Exhibit 6 attached to the Motion*).

In an amicable attempt to resolve the disputes with respect to Request No. 12, Plaintiff agreed to limit the request to two years: 2011 and 2012, which would be a more accurate representation of defendant's networth. Plaintiff reasserts and incorporates by reference his argument in Section B, above.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff prays this Court to enter an order compelling Defendant Beaird to answer Interrogatory Nos. 12 and 21 of Plaintiff's First Set of Interrogatories, to enter an order compelling Defendant Tihen to answer Interrogatory No. 21 of Plaintiff's First Set of Interrogatories, to enter an order compelling Defendant Beaird to respond to Request Nos. 11 and 12 of Plaintiff's First Request for Production of Documents, to enter an order compelling Defendant Tihen to respond to Request No. 12 of Plaintiff's First Request for Production of Documents, to enter an order to produce documents and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

5

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
       James W. Schottel, Jr.   #51285MO
       906 Olive St., PH
       St. Louis, MO 63101
       (314) 421-0350
       (314) 421-4060 facsimile
       jwsj@schotteljustice.com

       Attorney for Plaintiff
       Henry M. Davis

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

       Peter J. Dunne
       dunne@pspclaw.com

       Peter M. Rohrich
       rohrich@pspclaw.com

       Robert T. Plunkert
       plunkert@pspclaw.com

       Attorneys for Defendants
       Michael White
       John Beaird
       Kim Tihen
       City of Ferguson, Missouri

       s/*James W. Schottel, Jr.*

6