UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HENRY M. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:10-CV-1429 NAB |
| MICHAEL WHITE, et al., | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL
AGAINST DEFENDANT JOHN BEAIRD AND DEFENDANT KIM TIHEN**

Plaintiff Henry M. Davis ("Plaintiff") respectfully moves this Court to compel discovery against Defendant John Beaird ("Defendant Beaird") and Defendant Kim Tihen ("Defendant Tihen") (hereinafter the "Motion") and in support of said motion submits the following reply memorandum:

### I. ARGUMENT

**A.  Interrogatory No. 12 – Defendant Beaird**

Plaintiff's Interrogatory No. 12 directed to Defendant Beaird sets forth the following:

"12.   Please state the facts of what occurred when you encountered Plaintiff on the date of the incident mentioned in Plaintiff's Complaint. Your description should include, but not be limited to:
(a)   The circumstances in which you encountered Plaintiff and the reasons why you went to the location of the incident described in the Complaint;
(b)   The names and badge numbers of all Ferguson police officers or employees present during or having anything to do with the incident described in the Complaint;
(c)   The nature of the contact with Plaintiff, if any, and the reasons for the contact made with Plaintiff;
(d)   Whether and why you used physical force against Plaintiff; and
(e)   Whether Plaintiff used physical force against you, if so, the nature of the force used."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Defendant Beaird complains that the interrogatory is overly broad, but does not offer any further explanation of why the interrogatory is overly broad. This Court cannot take Defendant Beaird's counsel's objections as meritorious as the exact same interrogatory was propounded to Defendant Tihen and Defendant Tihen provided a complete answer. (*See Plaintiff's Exhibit 7 attached hereto*). The interrogatory must not be overly broad if Defendant Tihen was able to provide a complete answer. It should be noted that Defendant Tihen does not have separate counsel and the answers of Defendant Beaird and Defendant Tihen were signed by Mr. Plunkert.

Defendant Beaird's Response references the "meet and confer", but does not mention the reasoning Mr. Plunkert gave to the undersigned on why he didn't want Defendant Beaird to provide an answer to Interrogatory No. 12. Mr. Plunkert basically stated that he didn't want the undersigned to cross-examine Defendant Beaird on the answer he would provide as it relates to Defendant Beaird's prior statements made in the criminal deposition. This is simply not a valid reason to fail to answer the interrogatory.

Solely because Defendant Beaird testified under oath at a deposition in a separate criminal case does not authorize Defendant Beaird to "opt out" of answering interrogatories. Defendant Beaird has directed this Court to absolutely no rule or no case law that supports this position.

Defendant Beaird states, "The question asks Defendant Beaird to provide a narrative response and invites Beaird to indulge in speculation as to what "circumstance" the question by Plaintiff's counsel refers to." (*See* Defs. Mem. in Opp., p. 2). The main interrogatory does not even use the word "circumstance" and does not require any speculation. The open-ended interrogatory directly asks Defendant Beaird to, "Please state the facts of what occurred when you encountered Plaintiff on the date of the incident mentioned in Plaintiff's Complaint." There is not a valid

objection to an interrogatory because it is open-ended, which is exactly the position Defendant Beaird is taking.

Further, even if this Court believes that the interrogatory calls for a narrative answer, this is not a valid objection under the rules. See Babcock Swine, Inc. v. Shelbco, Inc., 126 F.R.D. 43, 45 (1989). Defendant Beaird also states, "Finally, the second deposition of each Defendant is now set to be taken by the Plaintiff, at which questions that inquire into the details of each witness' contact with the Plaintiff and that call for a narrative response may be asked without any difficulty or limitation that may exist with regard to a written interrogatory answer." (See Defs. Mem. in Opp., p. 3). Apparently Defendant Beaird's counsel wants to dictate how the Plaintiff conducts discovery. Plaintiff seeks discovery of Defendant Beaird's claims and defenses in this interrogatory. Defendant's position and attempt to direct Plaintiff how he conducts discovery is contrary to Rule 26 of the Federal Rules of Civil Procedure. The Court in *Babcock Swine, Inc.* stated:

> "The function of interrogatories under Fed.R.Civ.P. 33 is broadly the same as any other discovery method. *Wright & Miller, Federal Practice and Procedure*, § 2163. The fact that a part[y] has a choice between using interrogatories and depositions does not bar the use of interrogatories. *Id*., § 2169. Nothing in the Federal Rules of Civil Procedure prescribes any specific form for interrogatories "so long as the interrogatory gives the other party a reasonably clear indication of the information to be included in its answer." *Id*. at § 2168.
>
> The Court believes the developed federal practice as described by Wright and Miller is appropriate. There is no need to insist rigidly a priori that interrogatories cannot be commands or seek narrative or other expansive detail. Particularly when an opponent seeks a party's position on a matter, interrogatories may be better suited than a series of depositions."

See Babcock Swine, Inc. v. Shelbco, Inc., 126 F.R.D. 43, 45 (1989).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

3

*See* Fed. R. Civ. P. 26(b)(1).

Defendant Beaird has provided absolutely no legal authority and does not cite any rule of the Federal Rules of Civil that allows him to refrain from answering an interrogatory, while directing the Plaintiff to ask questions in a deposition in lieu of the interrogatory being answered.

**B.     Interrogatory No. 21 – Defendant Beaird and Defendant Tihen**

**Request No. 11 – Defendant Beaird**

**Request No. 12 – Defendant Beaird and Defendant Tihen**

Plaintiff's Interrogatory No. 21 sets forth the following:

> "21.    State the nature of each real estate and personal asset held by you and/or your immediate family members, the current location of each asset, the current fair market value of each such asset, the name(s) and address(es) of any co-owners, and the length of time each such asset has been owned or possessed by you and/or your immediate family members. As to each such asset, state whether the asset is encumbered by any lien or other encumbrance and provide detailed information regarding the nature and current amount of the lien or encumbrance, and identify any deeds, certificates of title or other such documents evidencing an ownership interest."

(*See Plaintiff's Exhibit 1 attached to the Motion*).

Plaintiff's Request for Production No. 11 directed to Defendant Beaird sets forth the following:

> "11.    Please produce all federal, state and local income tax returns and attachments thereto filed by all corporations, companies, partnerships and businesses owned in whole or in part by you for the five-year period ending with and including 2009."

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Plaintiff's Request for Production No. 12 sets forth the following:

> "12.    Please produce all personal federal, state and local income tax returns and attachments thereto filed by you for the five-year period ending with and including 2009."

4

(*See Plaintiff's Exhibit 2 attached to the Motion*).

Defendants' response on this point is nonsensical. First, in Section A, the Defendants discuss the elements of succeeding on a punitive damages claim at trial. At issue here are discovery requests regarding the assets and net worth of the individual defendants. Then, the Defendants discuss Missouri law on punitive damages, which sets forth that a party seeking discovery on punitive damages must have the trial court make a finding that the party will be able to present a submissible claim on punitive damages. Defendants' Section A of their argument has no relevance to the issue here as Plaintiff is seeking discovery regarding his punitive damages claim and Federal law applies as this is a Federal case; the Missouri law has absolutely nothing to do with the issues presented herein.

Defendants' Section B discusses privacy rights generally in the discovery process. The remedy to protect private or sensitive matter is a protective order. Plaintiff has no objection to a protective order and Plaintiff has agreed to limit the discovery referenced above.

Defendants' Section C discusses the cases cited by Plaintiff. Defendants are either trying to confuse the issues presented herein or are confused themselves. First, Defendants' response states that "*Eastman Kodak* actually supports Defendants' position." (*See* Defs. Mem. in Opp., p. 5). The court in *Eastman Kodak* denied the plaintiff's motion to compel answers to oral examination (deposition question) regarding the defendant's personal financial condition. Eastman Kodak Credit Corp. v. Gustin, No. 89–0355–CV–W–6, 1990 U.S. Dist. LEXIS 13500, at *2 (W.D.Mo. Oct. 9, 1990). Plaintiff has absolutely no intention to ask such questions and did not in the deposition of Defendant Tihen, which took place on August 16, 2013. At issue here is written discovery regarding the individual defendants' net worth, which the Court in *Eastman Kodak* did order the defendant to produce. Id.

Defendants next make conclusory allegations that, "requests are extremely burdensome and overly broad and outweighed by Defendants' right to privacy." (*See* Defs. Mem. in Opp., p. 6). The same conclusory allegations were rejected by Judge Jackson in this Eastern District of Missouri in *Evantigroup, LLC v. Mangia Mobile, LLC*. See Evantigroup, LLC v. Mangia Mobile, LLC, 2013 WL 74372, *1 (E.D.Mo.2013). In *Evantigroup*, Judge Jackson stated:

> "In the instant case, defendants have presented nothing more than conclusory statements regarding the potential harm that could arise without a protective order. Defendants do not explain how inquiries regarding the personal assets and net worth of the Daake defendants would be unduly burdensome or cause annoyance, embarrassment, or oppression. Further, defendants are incorrect in their argument that a party must first make a submissible case for punitive damages prior to requesting discovery of financial information." (*citation omitted*).

Id.

Despite citing several cases that state it is well settle that a prima facie showing that the plaintiff is entitled to recover punitive damages is not a prerequisite to discovering defendant's financial condition, Defendants' request that this Honorable Court, "set for hearing the issue to determine, as a threshold matter (and as a matter of policy) with respect to defendant peace officers in a lawsuit regarding 42 U.S.C. § 1983, whether Plaintiff can make a submissible case of punitive damages before allowing discovery as to the matter." Defendants are asking this Court to ignore the well settled law and apply Missouri law, when Missouri law has no bearing on the issue in this Federal case and the issue is addressed by federal law.

Defendants' remaining requests should be rejected as a protective order would resolve the Defendants' concerns.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff prays this Court to enter an order compelling Defendant Beaird to answer Interrogatory Nos. 12 and 21 of Plaintiff's First Set of Interrogatories, to enter an

order compelling Defendant Tihen to answer Interrogatory No. 21 of Plaintiff's First Set of Interrogatories, to enter an order compelling Defendant Beaird to respond to Request Nos. 11 and 12 of Plaintiff's First Request for Production of Documents, to enter an order compelling Defendant Tihen to respond to Request No. 12 of Plaintiff's First Request for Production of Documents, to enter an order to produce documents and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

        Respectfully submitted,

        SCHOTTEL & ASSOCIATES, P.C.

        BY: s/*James W. Schottel, Jr.*
            James W. Schottel, Jr.   #51285MO
            906 Olive St., PH
            St. Louis, MO 63101
            (314) 421-0350
            (314) 421-4060 facsimile
            jwsj@schotteljustice.com

            Attorney for Plaintiff
            Henry M. Davis

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>August 18, 2013</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

> Peter J. Dunne
> dunne@pspclaw.com
>
> Peter M. Rohrich
> rohrich@pspclaw.com
>
> Robert T. Plunkert
> plunkert@pspclaw.com
>
> Attorneys for Defendants
> Michael White
> John Beaird
> Kim Tihen
> City of Ferguson, Missouri
>
>
> s/*James W. Schottel, Jr.*