UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HENRY M. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10-CV-1429 NAB |
| | ) |
| JOHN BEAIRD, | ) |
| | ) |
| Defendant, and | ) |
| | ) |
| MICHAEL WHITE, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENRY M. DAVIS, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Henry Davis' motions to exclude expert testimony [Doc. 120], dismiss or bifurcate former Defendant Michael White's counterclaim [Docs. 174, 183, 185], and unseal documents [Doc. 179]. All motions have been fully briefed. In addition, Defendant John Beaird and Counterclaim Plaintiff Michael White have filed a motion to seal several exhibits [Doc. 177], which Plaintiff is contesting. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

**I.      Discussion**

      **A.      Sealing of Documents**

Defendants previously filed a motion to seal Defendants' Motion for Summary Judgment and accompanying documents and exhibits [Doc. 122]. On September 27, 2013, the Court granted Defendants' motion in a docket entry. [Doc. 132.] Mr. Davis now contends that Defendants' Motion for Summary Judgment and accompanying documents and exhibits [Docs. 124-126] should be unsealed, with the exception of Exhibit M [Doc. 126-13]. In addition, Officers Beaird and White have filed a motion to seal Exhibits D through H [Doc. 177]. Mr. Davis concedes that Exhibit G [Doc. 177-3] should be sealed but contends it is unnecessary to seal Exhibits D, F, and H [Doc. 177-1, 177-2, 177-4].

A request to lift or modify an order sealing documents is left to the sound discretion of the trial court. *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 161 (6th Cir. 1987), cited with approval in *Risdal v. Galloway*, 100 Fed. Appx. 597 (8th Cir. 2004) (per curiam); *Gadd v. United States*, 392 Fed. Appx. 503 (8th Cir. 2010) (per curiam). For the reasons set forth in Mr. Davis' pleadings, the Court will grant his motion for unsealing and deny in part Officers Beaird and White's motion for sealing. With the exception of Exhibit M [Doc. 126-13] and Exhibit G [Doc. 177-3], Officers Beaird and White are ordered to redact Defendants' Motion for Summary Judgment and accompanying documents and exhibits [Docs. 124-126] and Exhibits D through H [Doc. 177] pursuant to E.D.Mo. L.R. 2.17.

  **B. Officer White's Counterclaim**

Mr. Davis filed his original complaint against the City of Ferguson, Missouri and Ferguson Police Officers Michael White, John Beaird, and Kim Tihen on August 5, 2010. On October 4, 2010, Defendants filed a Joint Answer [Doc. 6] and Officer White filed a Counterclaim against Mr. Davis for Battery [Doc. 7]. On November 30, 2010, Mr. Davis served Officer White with a set of interrogatories and a request for production of documents

("November 30, 2010 Interrogatories"). Three interrogatories mentioned the counterclaim specifically:

> 15. State the each of the parts of Defendant's body, if any, injured in the incident mentioned in the Defendant's Counterclaim, and for each, state the nature, duration and present condition of each.
>
> 16. State whether the Defendant has ever had any illnesses or injuries to the parts of the body injured in the occurrence mentioned in the Defendant's Counterclaim, either before or after the incident, which is the subject of this lawsuit, and if so, state the date, occasion, nature and duration of each such injury. If you answered "Yes" to this question, please state the following for each injury:
>
>> (a) The dates sustained or suffered;
>> (b) The parts of the body involved;
>> (c) The nature or type; and
>> (d) The name and address of each healthcare provider who treated Defendant."
>
> 17. State the names and addresses of all doctors, hospitals, chiropractors, healers or health care providers, psychiatrist, and psychologist who have treated Defendant for any parts of the body Defendant claims injury to as referred to in the Defendant's Counterclaim and for each listed, please state:
>
>> (a) The amount of the bill from each such health care provider for services rendered because of the occurrence in question;
>> (b) The number of visits and the specific dates of each visit Defendant has made to each of these health care providers because of the occurrence;
>> (c) The conditions for which Defendant was examined or treated; and
>> (d) If you claim Defendant received a medical examination, care or treatment because of the occurrence mentioned in the Defendant's Counterclaim, please sign and return the attached medical authorization, after inserting the names and addresses of the doctors and hospitals.

[Doc. 71-1 p. 7.] When this case was stayed on February 15, 2011, Mr. Davis had not yet received any responses. [*See* Doc. 56.]

The case was reopened on January 30, 2013. On February 26, 2013, Mr. Davis filed an Amended Complaint [Doc. 50]. On March 7, 2013, Defendants filed a Joint Answer, which included the following affirmative defense:

3

> 5. For further answer and for affirmative defense, any force that was used against plaintiff was reasonable and necessary in order to subdue the plaintiff due to plaintiff's own unreasonable and irrational conduct, including violently resisting his lawful arrest and plaintiff's unprovoked and illegal assault and battery against Officer White, Officer Beaird, Officer Tihen and other Ferguson Police Officers and correctional officers.

[Doc. 52 p. 12.] Officer White did not replead his counterclaim in response to the Amended Complaint. Mr. Davis filed several motions to compel the November 30, 2010 Interrogatories. [Docs. 56, 58, 71.] On April 22, 2013, Officer White served Mr. Davis with responses. [Docs. 71-1, 177-2.] Mr. Davis maintained these disclosures were insufficient. [Doc. 58, 71.] On May 9, 2013, Officer White served Mr. Davis with supplemental responses including "a CD of all medical records and bills I have, to date, regarding Officer Michael White's Counterclaim." [Doc. 177-3.] On June 27, 2013, the Court granted in part Mr. Davis' request for additional supplemental responses. On July 17, 2013, Officer White served Mr. Davis with additional supplemental responses including more detailed responses to interrogatories 15 through 17. [Doc. 177-1.] At the deposition of Mr. Davis on July 31, 2013, in the presence of Plaintiff's counsel, opposing counsel announced himself as representing "defendants and … the counterclaim plaintiff Mike White" and asked Mr. Davis whether he was aware that he was "also named as a defendant in a counterclaim," to which Mr. Davis responded "Yes." [Doc. 176-1 p. 4-5.]

Discovery closed on August 30, 2013. The parties filed dueling summary judgment motions in September. On December 31, 2013, the Court entered summary judgment for Defendants on all of Mr. Davis' claims except one. The Court stated that, "The only remaining claims in this action are: (1) Count II of Mr. Davis' Amended Complaint alleging Officer Beaird violated Mr. Davis' substantive due process rights [Doc. 50] and (2) Officer White's

Counterclaim against Mr. Davis for Battery [Doc. 7]." [Doc. 172 p. 24.] Mr. Davis has filed three motions related to Officer White's counterclaim. The Court will address each in turn.

First, Mr. Davis moves that the Court deem Officer White's counterclaim abandoned or no longer pending because (1) Officer White did not replead it in response to Mr. Davis' Amended Complaint and (2) Mr. Davis would be unfairly prejudiced if it was allowed to proceed. [Doc. 174.] Finding that equitable considerations weigh in favor of allowing Officer White's counterclaim to proceed, the Court will deny Mr. Davis' motion.

Federal Rule of Civil Procedure 15(a)(3) provides: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fourteen days would be the applicable period in this case. However, the rule raises the question of whether a counterclaim is a "required response" and if it is, whether the technical deficiency of failing to replead a counterclaim in response to an amended complaint will ever be excused. Federal Rule of Civil Procedure 13, which governs counterclaims, merely states that a "pleading" *must* include certain counterclaims deemed "compulsory" and *may* include certain counterclaims deemed "permissive" but does not specify whether a response to an amended complaint constitutes such a pleading. Also in play, Federal Rule of Civil Procedure 15(a)(2) allows amendments to add a counterclaim with leave from the court. The rule states, "The court should freely give leave when justice so requires."

Some courts have interpreted Rule 15(a)(3) as a strict requirement that a defendant replead a counterclaim in response to an amended complaint or else forfeit the claim. *See Johnson v. Berry*, 228 F. Supp. 2d 1071, 1079 (E.D. Mo. 2002) ("The last sentence of Fed.R.Civ.P. 15(a) requires a party to plead in response to an amended pleading. No option is

5

given merely to stand on preexisting pleadings made in response to an earlier complaint. As the language of Rule 13(a) and (b) makes clear, a counterclaim is part of the responsive pleading."); *General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1368, 1376-77 (Fed. Cir. 2007) (endorsing *Johnson*); *Settlement Capital Corp. v. Pagan*, 649 F. Supp. 2d 545, 562 (N.D. Tex. 2009). Other courts have reached the opposite conclusion, holding that a defendant is never required to replead a counterclaim in response to an amended complaint. *See Dunkin' Donuts, Inc. v. Romanias*, 2002 WL 32955492, at 2* (W.D. Pa. May 29, 2002) ("Rule 13, which governs counterclaims, requires only that a counterclaim be set forth in a pleading-it does not mandate that it be contained in an answer. See Fed.R.Civ.P. 13(a)-(f). Further, an answer responds to allegations in a complaint, a counterclaim is something independent. Revisions to a complaint do not require revisions to a counterclaim.").

However, most courts have taken a functional approach, weighing equitable considerations, including a defendant's manifestations of intent, whether the plaintiff was on notice of the defendant's continued pursuit of the counterclaim, and the prejudice to the plaintiff if the claim is allowed to proceed. *See, e.g., Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 705-706 (D. Md. 2011) (allowing counterclaims to proceed because they were "indisputably at issue for the majority of the discovery period" and defendant "repeatedly took actions to indicate his intent to pursue the counterclaims," including defending against plaintiffs' motion to dismiss the counterclaims and moving to amend them, and concluding plaintiffs "failed to conduct discovery regarding the claims at their own peril"); *Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp.*, 2008 WL 5723531, at *4-5 (N.D. Ohio Aug. 29, 2008) (plaintiff was on notice of contents of counterclaim which had not changed since initial filing, parties had every opportunity to conduct discovery, plaintiff failed to identify any prejudice, defendant's

failure to replead counterclaim was inadvertent, and defendant would be prejudiced if counterclaim was struck); *see also Mullins v. Med. Lien Mgmt., Inc.*, 2013 WL 5397412 (Colo. App. Sept. 26, 2013) (finding *Ground Zero* persuasive and evaluating equitable considerations). Similarly, some courts have, in the interest of justice, granted a defendant leave to essentially retroactively replead a counterclaim, sidestepping the issue of whether the original counterclaim was abandoned. *See Cairo Marine Serv., Inc. v. Homeland Ins. Co. of New York*, 2010 WL 4614693, at *1 (E.D. Mo. Nov. 4, 2010) (granting defendant leave to amend answer where plaintiff had notice defendant intended to pursue counterclaim because original answer included specific reference and plaintiff would not be unduly prejudiced).

Only a few courts have found that equitable considerations weighed against allowing a counterclaim to proceed or allowing the defendant to retroactively replead it. *See Johnson*, 228 F. Supp. 2d at 1079 (denying leave to replead a counterclaim where trial setting was imminent, all of the claims in the amended complaint were subject to summary judgment, and defendant had never filed an answer to the amended complaint); *Bremer Bank, Nat. Ass'n v. John Hancock Life Ins. Co.*, 2009 WL 702009, at *12 (D. Minn. March 13, 2009) (holding counterclaim failed as a matter of law but commenting, "[f]rom a practical standpoint, [defendant's] failure to replead the counterclaim, together with nearly two years passing without discovery or any action on the counterclaim casts doubt on whether the counterclaim was ever viewed as meritorious").

Mr. Davis asks the Court to follow *Johnson* and its progeny and argues that allowing Officer White's counterclaim to proceed at this late stage would unfairly prejudice him because he has not conducted discovery on the issue or deposed Officer White's health care providers. Officer White counters that Mr. Davis has had adequate notice of his intent to pursue the claim and has received significant discovery related to it. Given the ambiguity in the Federal Rules of

7

Civil Procedure with regard to whether a counterclaim must be replead, the Court declines a formalistic interpretation of Rule 15(a)(3) and finds that equitable considerations weigh in favor of allowing Officer White to proceed with his counterclaim. Defendants' Joint Answer to the Amended Complaint did not mention the counterclaim and it cannot be said that the course of discovery or motions placed the counterclaim "indisputably" at issue. Nevertheless, Defendants have never indicated any intent to abandon the counterclaim, they gave at least some indications they intended to preserve it, and Mr. Davis has vigorously pursued discovery on the issue, even following the Amended Complaint and the stay. Because Mr. Davis has had sufficient notice of the counterclaim and in fact repeatedly petitioned this Court to compel discovery on the issue, the Court will deny Mr. Davis motion to deem the counterclaim abandoned or no longer pending.

Second, Mr. Davis moves that the Court dismiss Officer White's counterclaim for lack of jurisdiction. [Doc. 183.] This Court has original jurisdiction over Mr. Davis' Substantive Due Process claim against Officer Beaird. 28 U.S.C. § 1367(a) provides that: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 allows for supplemental jurisdiction over permissive counterclaims as long as Article III's case-or-controversy requirement is met. *Global NAPs, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 76-77, 85-89 (1st Cir. 2010); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210-14 (2d Cir. 2004); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 384-87 (7th Cir. 1996). While the counterclaim need not arise from the same transaction or occurrence, it must be so related as to arise from a "common nucleus of operative fact." *Global NAPs, Inc.*,

8

603 F.3d at 88 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966)).

Mr. Davis contends that Officer White's counterclaim stems from the September 20, 2009 incident at the Ferguson jail whereas his due process claim stems from the subsequent affidavits and prosecution. Officer White counters that the fact issue of whether Mr. Davis resisted lawful commands and punched Officer White is central to both claims. The Court agrees with Officer White and finds that Mr. Davis' due process claim and Officer White's counterclaim arise from a common nucleus of operative fact. Mr. Davis' due process claim turns on whether Officer Beaird's sworn statements—that blood was transferred to the officers' uniforms while they were "attempting to subdue Davis, who was actively resisting"—were knowingly false. Thus, what occurred at the Ferguson jail on September 20, 2009 is directly at issue. The truth or falsity of Officer Beaird's statements depends on (1) whether blood was transferred to the officers' uniforms and (2) whether Mr. Davis resisted lawful commands, including by punching Officer White. Because Mr. Davis' due process claim and Officer White's counterclaim are sufficiently related, the Court will deny Mr. Davis' motion to dismiss the counterclaim for lack of jurisdiction.

Finally, Mr. Davis moves that the Court bifurcate Officer White's counterclaim. [Doc. 185.] Federal Rule of Civil Procedure 42(b) provides that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "District courts possess broad discretion to bifurcate issues for purposes of trial under [Rule] 42(b)." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990). Mr. Davis contends that a single trial will "inject" the issue of whether Mr. Davis punched Officer White into the trial of his due process claim,

severely prejudicing Mr. Davis and confusing the jury. [Doc. 186 p. 3.] However, as discussed above, Mr. Davis' due process claim depends on the fact issue of whether Mr. Davis resisted commands, including by punching Officer White. Therefore, Mr. Davis is not prejudiced by having a single trial. Furthermore, it would be waste of judicial resources to try separately claims that share common questions of fact. For the foregoing reasons, the Court will deny Mr. Davis' motion to bifurcate.

### C. Expert Testimony

On September 20, 2013, Plaintiff moved to exclude the following proposed experts: Officer Michael White, Officer John Beaird, Officer Kim Tihen, Lieutenant William Ballard, Chief Tom Jackson, Dr. Sebastian A. Ruekert, Dr. Robert Abbott, and Dr. Mark Grimm. [Doc. 120.] Officer White, Officer Beaird, Officer Tihen, Lieutenant Ballard, and Chief Jackson would have testified to: (1) the reasonableness of the force used against Mr. Davis, (2) any policy or pattern of unconstitutional conduct by the City of Ferguson, and (3) any pattern or custom of deliberate indifference by Ferguson Police Officers. [Doc. 137-4.] Because the Court entered summary judgment for Defendants on Plaintiff's claims of Excessive Force, Assault and Battery, and Municipal Liability and *Respondeat Superior*, and because Plaintiff has not alleged deliberate indifference, the Court will deny as moot Mr. Davis' motion to exclude Officer Michael White, Officer John Beaird, Officer Kim Tihen, Lieutenant William Ballard, and Chief Tom Jackson from offering expert testimony. The Court will also deny as moot Mr. Davis' motion to exclude Dr. Sebastian A. Ruekert since he was withdrawn as a proposed expert. [Doc. 137 p. 1.]

Turning to Mr. Davis' motion to exclude Dr. Robert Abbott and Dr. Mark Grimm from testifying to the cause of Mr. Davis' injuries, the Court will deny the motion. Federal Rule of

Civil Procedure 26(a)(2)(C) requires only that Defendants disclose the subject matter the expert is expected to present and a "summary" of the facts and opinions to which the expert is expected to testify. Defendants' disclosure of experts stated that Dr. Abbott and Dr. Grimm "may be called to opine the care, treatment and charges to Michael White were caused by Plaintiff, regarding the injuries to his left nose and left wrist on September 20, 2009, and were reasonable and necessary to treat those injuries." [Doc. 137-4 p. 2-3.] The disclosure further stated, "These treating physicians relied on representations and the presentation of Officer Michael White, including the deformity of his nose, the swelling, and his statements that he was punched in the face and experienced pain in his left wrist." [*Id.*] While not the most eloquent summary, these statements were sufficient to comply with Rule 26(a)(2)(C). *Cf. Anderson v. Bristol*, 936 F. Supp. 2d 1039, 1059 (S.D. Iowa 2013) (cataloguing cases and holding "when a party merely states the name of the witness along with the witness' connection to the case, or where the party solely refers to medical or similar records that have already been produced, without providing a summary of the witness' expected testimony, the party is not in full compliance"). The Court will deny Mr. Davis' motion and take up any objections to the admissibility of expert testimony along with other motions in limine.

## IV. Conclusion

For the foregoing reasons, the Court will grant Mr. Davis' motion to unseal documents [Doc. 179], deny his motions regarding former Defendant Michael White's counterclaim [Docs. 174, 183, 185], and deny his motion to exclude expert testimony [Doc. 120]. The Court will further deny in part Defendant John Beaird and Counterclaim Plaintiff Michael White's motion to seal several exhibits [Doc. 177].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to unseal documents is **GRANTED**. [Doc. 179.] Defendant Beaird and Counterclaim Plaintiff White shall redact Defendants' Motion for Summary Judgment and accompanying documents and exhibits [Docs. 124-126] pursuant to E.D.Mo. L.R. 2.17, with the exception of Exhibit M [Doc. 126-13] which shall remain under seal.

**IT IS FURTHER ORDERED** that Defendant Beaird and Counterclaim Plaintiff White's motion to seal several exhibits is **GRANTED in part** and **DENIED in part**. [Doc. 177.]

**IT IS FURTHER ORDERED** that Defendant Beaird and Counterclaim Plaintiff White's motion to seal several exhibits is **GRANTED** insofar as the Clerk of Court shall maintain Exhibit G under seal. [Doc. 177-3.]

**IT IS FURTHER ORDERED** that Defendant Beaird and Counterclaim Plaintiff White's motion to seal several exhibits is **DENIED** insofar as Defendant Beaird and Counterclaim Plaintiff White shall redact Exhibits D, F, and H pursuant to E.D.Mo. L.R. 2.17. [Doc. 177-1, 177-2, and 177-4.]

**IT IS FURTHER ORDERED** that Plaintiff's motions to dismiss or bifurcate former Defendant Michael White's counterclaim are **DENIED**. [Docs. 174, 183, 185.]

**IT IS FURTHER ORDERED** that Plaintiff's motion to exclude expert testimony is **DENIED**. [Doc. 120.]

Dated this 10th day of March, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE