**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-1429 NAB |
| | ) | |
| JOHN BEAIRD, | ) | |
| | ) | |
| Defendant, and | ) | |
| | ) | |
| MICHAEL WHITE, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY M. DAVIS, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  The trial of this matter was held on March 24 and 25, 2014.  At the close of evidence, counsel for Officer John Beaird made an oral motion that the Court enter judgment on Count II, Henry Davis' claim for substantive due process violations, as a matter of law.  As outlined in this Court's Summary Judgment Order, to prevail on his claim, Mr. Davis had to show that Officer Beaird's conduct "shocks the conscience." [Doc. 172.] "Whether the alleged conduct shocks the conscience is a question of law." *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009) (citing *Terrell v. Larson,* 396 F.3d 975, 981 (8th Cir. 2005) (en banc)).  "Only the most severe violations of individual rights that result from the 'brutal and inhumane abuse of official power' rise to this level." *White v. Smith*, 696 F.3d 740, 758 (8th Cir.

2012) (quoting *C.N. v. Willmar Pub. Schs. Indep. Dist. No. 347*, 591 F.3d 624, 634 (8th Cir. 2010)).  After hearing argument from both sides, the Court found that, based on the evidence adduced at trial, Officer Beaird's conduct did not rise to a conscience-shocking level.  The Court therefore entered judgment as a matter of law in favor of Officer Beaird on Count II, Mr. Davis' substantive due process claim. Fed. R. Civ. P. 50(a)(1).

The only remaining claim was Officer Michael White's counterclaim against Mr. Davis for battery under state law.  A federal court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims giving rise to original jurisdiction. 28 U.S.C. § 1367(c)(3); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).  Having entered judgment on Mr. Davis' substantive due process claim, and because Officer White and Mr. Davis are non-diverse parties, the Court declined to exercise supplemental jurisdiction over Officer White's state law counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that John Beaird's oral motion for judgment as a matter of law is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment as a matter of law is **GRANTED** in favor of Officer Beaird on Count II, Henry Davis' substantive due process claim.

**IT IS FURTHER ORDERED** that Michael White's counterclaim against Mr. Davis for battery under state law is **DISMISSED without prejudice.**  The Court declined to exercise supplemental jurisdiction.

A separate Judgment will accompany this Memorandum and Order.

Dated this 25th day of March, 2014.

_/s/ Nannette A. Baker_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE