UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HENRY M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-1429 NAB |
| ) | |
| MICHAEL WHITE, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW Plaintiff Henry M. Davis ("Plaintiff"), by and through his attorney, James W. Schottel, Jr., and states for his Trial Brief as follows:

**Facts**

*Plaintiff presumes that through the Summary Judgment process the Court has become familiar with the facts and claims in this case. Plaintiff, however, will briefly summarize the facts from Plaintiff's perspective.*

On September 20th, 2009, Defendant John Beaird ("Defendant Beaird") encountered Plaintiff Henry Davis at approximately 3:00 a.m. Defendant Beaird encountered Plaintiff near Highway 270 and West Florissant. Defendant Beaird handcuffed Plaintiff and placed Plaintiff in Defendant Beaird's vehicle. Plaintiff's vehicle was towed and then Defendant Beaird left in his vehicle with Plaintiff and traveled to the Ferguson Police Department.

At the Ferguson Police Department Jail Defendant Beaird, Officer Chris Pillarick ("Officer Pillarick") and Plaintiff walked to Cell #3. At Cell #3 there was physical contact between Defendant Beaird, Defendant Michael White ("Defendant White"), Defendant Kim Tihen ("Defendant Tihen") and Plaintiff and the nature of the physical contact is in dispute.

Defendant White alleges that Plaintiff punched him in the face causing injury to his nose and causing his nose to bleed. Plaintiff denies punching Defendant White. Plaintiff alleges that Defendant White charged Plaintiff and drove Plaintiff to the back wall of the cell and then Plaintiff was taken to the floor. Plaintiff alleges that while on the floor he was handcuffed and punched repeatedly by Defendant Beaird and Defendant Tihen while Defendant White exited the cell. Plaintiff alleges that Defendant White kicked him in the head while he was face down, handcuffed and being raised up off of the floor by Defendant Beaird and Defendant Tihen. Defendant White denies kicking Plaintiff in the head.

## Procedural Posture

Plaintiff filed his Complaint on August 5, 2010; Doc. #1. Defendant White and the City of Ferguson answered on October 4, 2010; Doc. #6. Defendant White filed a Counterclaim on October 4, 2010; Doc. #7. Plaintiff filed his First Amended Complaint on February 26, 2013; Doc. #50. Defendant Beaird, Defendant White, Defendant Tihen and the City of Ferguson answered the First Amended Complaint on March 7, 2013; Doc. #52.

On September 20, 2013, Defendants filed a Motion for Summary Judgment on all claims of Plaintiff's First Amended Complaint, Doc; #124. On September 20, 2013, Plaintiff filed a Motion for Summary Judgment on Count II of Plaintiff's First Amended Complaint against Defendant Beaird.

On December 31, 2013, the Court granted summary judgment on all counts except Count II and denied Plaintiff's motion for summary judgment; Doc. #173. The Court held that Count II against Defendant Beaird for due process violation and Defendant White's Counterclaim for battery against Plaintiff remained for trial.

On March 24, 2014, jury trial was held and at the close of Plaintiff's evidence, the Court granted Defendant Beaird's motion for judgment as a matter of law and dismissed Defendant White's counterclaim for battery without prejudice. Plaintiff appealed.

On July 28, 2015, the Eighth Circuit Court of Appeals reversed this Court's granting of summary judgment on Plaintiff's excessive force claims in Count I and state law assault and battery claims in Count VII. The Eighth Circuit also vacated the dismissal of Defendant White's state law counterclaim for battery and left the question of how to handle Defendant White's claim on remand.

## Plaintiff's Evidence

Mr. Davis will tell what happened to him on September 20, 2009. Plaintiff will call all officers present at the jail.

## Defendants' Evidence

Plaintiff anticipates that the officers will try to explain away their prior testimony and may even contradict their prior testimony.

## He Said – She Said: Is for the Jury

Plaintiff asserts that Defendant White improperly acted as described the First Amended Complaint by kicking Plaintiff in the head while Plaintiff was handcuffed with his arms behind his back and being raised from the floor by Defendant Beaird and Defendant Tihen. Plaintiff asserts that Defendant Beaird and Defendant Tihen improperly acted as described the First Amended Complaint by punching Plaintiff while Plaintiff was face down on the cell floor and handcuffed. Defendant White, Defendant Beaird and Defendant Tihen all deny improper actions. The jury will only be able to believe one side or the other and that is the reason we must have this trial.

**Claims**

1.  <u>Count I – Excessive Force against Defendant White, Defendant Beaird and Defendant Tihen</u>

In <u>Graham v. Conner</u>, the Supreme Court concluded that the claim of a person who has been subjected to excessive and unreasonable force in the course of arrest shall have that claim analyzed under the Fourth Amendment. <u>Graham v. Conner</u>, 490 U.S. 386 (1989). The court instructed that the court is to balance the nature and quality of the intrusion on the suspect's Fourth Amendment interests against the countervailing government interests. <u>Id</u>. The force must be objectively reasonable under the particular circumstances. <u>Id</u>. The court is to give careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers, and whether he is actively resisting arrest or attempting to evade arrest by flight. <u>Id</u>. The reasonableness must be judged from the perspective of a reasonable officer on the scene, not on hindsight. <u>Id</u>. The test is objective. <u>Id</u>. The test is not capable of precise definition or mechanical application. <u>Bell v. Wolfish</u>, 441 U.S. 520, 559 (1979). The "split second decision" analysis, which commonly excuses police decisions made in dangerous and fast moving circumstances would seem inapplicable here. <u>Graham</u>, 490 U.S. at 396; <u>Deorle v. Rutherford</u>, 272 F.3d. 1272, 1283 (9th Cir. 2001); *see also* <u>Ewolski v. City of Brunswick</u>, 287 F.3d. 492 (6th Cir. 2002).

There can be no government interest in punching and kicking Plaintiff under the circumstances presented in this case. Plaintiff particularly draws the court's attention to <u>Bauer v. Norris</u>, where a Plaintiff did not physically resist arrest or physically threaten the officer, and the court held that any force used was excessive. <u>Bauer v. Norris</u>, 713 F.2d 408 (8th Cir. 1983).

The Eighth Circuit in <u>Bauer</u> stated: "In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the

4

relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 412.

Defendant White, Defendant Beaird and Defendant Tihen fail the Bauer test. They acted maliciously and sadistically for the very purpose of causing harm. Defendant White, Defendant Beaird and Defendant Tihen caused Plaintiff great pain, a visit to a hospital emergency room and a concussion.

In Bauer at 412 the court outlined this circuit's precedent in cases of this nature: Force can only be used to overcome physical resistance or threatened force. Agee v. Hickman, 490 F.2d 210, 212 (8th Cir. 1974). *See also* Feemster v. Dehntjer, 661 F.2d 87, 89 (8th Cir. 1981)(*force may not be used against a suspect who quietly submits*); *cf.* United States v. Harrison, 671 F.2d 1159 (8th Cir. 1982)(*lack of provocation or need to use force would make any use of force excessive*).

In reversing this Court's granting of qualified immunity on Plaintiff's excessive force claims on the basis that Plaintiff's injuries were *de minimis*, the Eighth Circuit stated, "No case acknowledging this issue has held that serious injuries such as "a concussion, scalp laceration, and bruising" can be considered *de minimis* as a matter of law for qualified immunity purposes. Davis v. White, 794 F.3d 1008, 1012 (8th Cir. 2015); *citing* Small v. McCrystal, 708 F.3d 997, 1005 (8th Cir. 2013) (three lacerations above eye treated without stitches not *de minimis*); Copeland v. Locke, 613 F.3d 875, 881-82 (8th Cir. 2010); (same for lacerations from handcuffs and chronic knee injury); Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) (blow to the face not *de minimis* ); Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999) (same for "single small cut of the ... eyelid and small scrapes of the ... knee and upper calf"); Dawkins v. Graham,

5

50 F.3d 532, 535 (8th Cir. 1995) (same for bruises and facial laceration); *comparing* Bishop v. Glazier, 723 F.3d 957, 962 (8th Cir.2013) (light cut on neck *de minimis* ); Wertish v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006) ("relatively minor scrapes and bruises" *de minimis*); Andrews v. Fuoss, 417 F.3d 813, 816, 818 (8th Cir.2005) (soreness and bad headache *de minimis*).

In the Eighth Circuit on these facts there was simply no excuse for Defendant White, Defendant Beaird and Defendant Tihen to use any force at all on Plaintiff.

Even if Plaintiff has made out a constitutional claim, Plaintiff must still successfully navigate the shoals of qualified immunity. The question is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted". Saucier v. Katz, 533 U.S. 194, 202 (2001). Defendant White, Defendant Beaird and Defendant Tihen will prevail if they mistakenly but reasonably concluded that the law permitted a particular amount of force in a given circumstance. Id. at 215. The doctrine protects officers from the hazy border between excessive and acceptable force. Id. at 206. "Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006).

To determine whether an officer is entitled to qualified immunity, we ask first whether the officer's conduct violated a constitutional right, and second whether that right was clearly established at the time of the deprivation "in light of the specific context of the case." Saucier, 533 U.S. at 194; *see also* Richmond v. City of Brooklyn Center, 490 F.3d 1002, 1006 (8th Cir. 2007). Plaintiff suggests that the qualified immunity analysis in Plaintiff's case is extremely simple. Bauer, the above cited line of cases, including the Eighth Circuit's previous opinion in

this case, disallow any force without provocation. *See* Agee v. Hickman, 490 F.2d 210, 212 (8th Cir. 1974); Feemster v. Dehntjer, 661 F.2d 87, 89 (8th Cir. 1981); and United States v. Harrison, 671 F.2d 1159 (8th Cir. 1982).

### Punitive Damages

Punitive damages are available to a 1983 Plaintiff pursuant to Smith v. Wade, 461 U.S. 30, 35-36 (1983). Plaintiff properly pleaded punitive damages in his First Amended Complaint. Plaintiff believes the conduct of Defendant White, Defendant Beaird and Defendant Tihen was "malicious and recklessly indifferent to Plaintiff's rights", thus punitive damages should be submitted to the jury.

### Instructions

Mr. Davis has one federal claim of excessive force against Defendant White, Defendant Beaird and Defendant Tihen. Further, Mr. Davis seeks punitive damages.

**A.     Juror Note Taking**

Plaintiff requests juror note taking. Plaintiff has included the following instruction in his proposed jury instructions filed separately:

> "At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.
> If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them____.
> When you leave at night, your notes will be locked up and will not be read by anyone."

*See* 8th Cir. Civil Jury Instr. § 4.70, 1.6 (2014).

**B.     Previous Trial**

Depending on how the evidence comes out a trial, Plaintiff proposes the previous trial instruction as there was a previous trial in this case:

> "You have heard evidence that there was a previous trial of this case. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. The fact of a previous trial should have no bearing on your decision in this case."

*See* 8th Cir. Civil Jury Instr. § 4.70, 2.7 (2014).

## Color of State Law

Plaintiff presumes there will be no dispute that Defendant White, Defendant Beaird and Defendant Tihen acted under color of state law and Plaintiff has omitted that issue from the instructions.

                Respectfully submitted,

                SCHOTTEL & ASSOCIATES, P.C.

                BY: s/*James W. Schottel, Jr.*
                     James W. Schottel, Jr.   #51285MO
                     906 Olive St., PH
                     St. Louis, MO 63101
                     (314) 421-0350
                     (314) 421-4060 facsimile
                     jwsj@schotteljustice.com

                     Attorney for Plaintiff
                     Henry M. Davis

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 9, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

                    Peter J. Dunne
                    dunne@pspclaw.com

                    Robert T. Plunkert
                    plunkert@pspclaw.com

                    Attorneys for Defendants
                    Michael White
                    John Beaird
                    Kim Tihen


                    s/*James W. Schottel, Jr.*