**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HENRY M. DAVIS, ) | |
|           ) | |
|    Plaintiff, ) | |
|           ) | |
| vs.       ) | Case No. 4:10-CV-1429 NAB |
|           ) | |
| MICHAEL WHITE, et al., ) | |
|           ) | |
|    Defendants. ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS**

COMES NOW Plaintiff Henry M. Davis ("Plaintiff"), by and through his attorney, and sets forth the following objections to Defendants Michael White, John Beaird, Kim Tihen and City of Ferguson, Missouri's ("Defendants") Bill of Costs [Doc. #325]:

**A.    DEFENDANTS' BILL OF COSTS IS UNTIMELY**

Defendants' bill of costs is untimely. On December 31, 2013, this Honorable Court granted Defendants Michael White, John Beaird, Kim Tihen and City of Ferguson, Missouri's motion for summary judgment and issued a Memorandum and Order. (*See* Doc. 172). This Court's Memorandum and Order dismissed all of Plaintiff's claims except Plaintiff's claim of due process violation against Defendant John Beaird as set forth in Count II of Plaintiff's First Amended Complaint. Id. On December 31, 2013, this Honorable Court also entered a Judgment, "in favor of Defendants City of Ferguson, Missouri, Michael White, John Beaird, and Kim Tihen and against Plaintiff Henry Davis on Counts I, III, IV, V, VI, VII, and VIII." (*See* Doc. 173).

On March 24, 2014, this case subsequently proceeded to trial on Plaintiff's claim of due process violation against Defendant John Beaird as set forth in Count II of Plaintiff's First Amended Complaint and Michael White's state law counterclaim for battery against Plaintiff.

On March 25, 2014, at the close of Plaintiff's case at trial, this Honorable Court granted Defendant John Beaird's motion for judgment as a matter of law and issued a Memorandum and Order. (*See* Doc. 245). On March 25, 2014, this Honorable Court also entered a Judgment, "in favor of John Beaird and against Henry Davis on Count II, Mr. Davis' substantive due process claim." (*See* Doc. 246).

Thus, on March 25, 2014, this case was closed and judgment was entered in favor of all Defendants, making Defendants Michael White, John Beaird, Kim Tihen and City of Ferguson, Missouri prevailing parties.

Although Rule 54(d)(1) of the Federal Rules of Civil Procedure does not contain a time limitation on a bill of costs, Local Rule 8.03(A) provides in pertinent part that:

> "**District Court Costs.** A party seeking an award of costs *shall* file a verified bill of costs, in the form prescribed by the Clerk, no later than twenty-one (21) days after entry of final judgment pursuant to Fed.R.Civ.P. 58." (*emphasis added*).

E.D.Mo. L.R. 8.03(A).

Thus, Defendants' verified bill of costs was due to be filed no later than April 15, 2014. Although Plaintiff appealed the judgments, the notice of appeal and subsequent appeal proceedings in no way affected the finality of the judgments for the purposes of Defendants filing their bill of costs. Local Rule 8.03(A) further provides, "The filing of a bill of costs in no way affects the finality and appealability of the final judgment previously entered." Id.

In *ACI/Boland, Inc. v. U.S. Specialty Ins. Co.*, Magistrate Judge Thomas C. Mummert, III in this Court, relying on Local Rule 8.03, denied Defendant's bill of costs that was filed 10 days too late. See ACI/Boland, Inc. v. U.S. Specialty Ins. Co., No. 4:07CV0378 TCM, 2009 WL 578307, at *1 (E.D. Mo. Mar. 5, 2009). The Defendants' bill of costs is nearly 2 years too late. Thus, this Court should deny all costs incurred by Defendants from the inception of this case to

March 25, 2014, when final judgments were entered in favor of all Defendants and this case was closed.

In reviewing Exhibit A attached to Defendants' bill of costs, it appears that the costs submitted that were incurred after the March 25, 2014 Judgment and closure of this case are Items No. 25 and No. 26. Item No. 25 is noted as "Witness Fee-Corporal Robert Bell" in the amount of $74.98. Item No. 26 is noted as "Service of Subpoena to Officer Robert Bell, St. Louis Investigations & Process Service" in the amount of $79.56. The total amount of costs incurred that are timely submitted to this Court is $154.54. For the reasons set forth below, Plaintiff respectfully requests this Court to deny this timely amount of costs submitted by the Defendants.

**B.  IN THE ALTERNATIVE, DEFENDANTS' BILL OF COSTS SHOULD BE DENIED OR REDUCED BY UNNECESSARY CHARGES**

Additionally and alternatively, although Rule 54(d) creates a presumption that the prevailing party will recover costs, the ultimate decision to award costs is within the district court's discretion. Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir. 1992); *see also* Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Further, 42 U.S.C. 1988 states that the court "in its discretion" may allow the prevailing party" costs. *See* 42 U.S.C. 1988. Plaintiff acknowledges that Defendants won at Trial and so at this state of the litigation are the prevailing parties.

This case is an attempt to vindicate Plaintiff's Fourth Amendment rights. The United States Supreme Court in *Farmer v. Arabian American Oil Co*. said: "items proposed by winning parties as costs should always be given careful scrutiny." Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 (1965). The court cautioned district judges, in the exercise of this discretion, against "too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing

3

lawsuits, no matter how meritorious they might in good faith believe their claims to be." *Cf.* In re G.F., 276 S.W.3d 327, 332 (Mo. App. 2009) (in an Order of Protection matter the court reversed a court costs award against Petitioner due to a concern that such an award might cause a chilling effect on the bringing of such cases)

The Sixth Circuit has "described several circumstances in which a denial of costs is a proper exercise of discretion under the rule." White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728 (6th Cir. 1986). Those circumstances include:

> "...cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are close and difficult."

Id. at 730.

Plaintiff suggests that of those factors only the last is relevant here as this case was close and difficult.

Also, a plaintiff bringing a civil rights action "does so not for himself alone but also as a 'private attorney general,'" Newman v. Piggy Park Enterprises, Inc., 390 U.S. 400, 402 (1968). A major purpose of the civil rights laws is to "promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violations at their source." Casey v. City of Cabool, Mo., 12 F.3d 799, 805 (8th Cir. 1993).

In *Bunnell v. B.F. Goodrich Co.*, a discrimination case tried to the court in which the Plaintiff's claims failed, the court said: "The Court believes that to grant the defendant attorney's fees or costs in this case would have a chilling effect on the right of similarly situated citizens to bring discrimination suits in this Court, and for that reason this Court denies defendant's request for attorney's fees or costs." Bunnell v. B.F. Goodrich Co., 1985 WL 3457, at *8 (E.D. La).

To impose costs on Plaintiff in this case would raise the bar to prospective civil rights litigants and their counsel. Such raising of the bar, including in actions appearing meritorious, might lead citizens in future cases to fail to even try to vindicate their civil rights. Plaintiff suggests that in order to avoid chilling meritorious litigation, this Court should deny Defendants' Motion for Costs.

Further, Defendants' bill of costs should be carefully scrutinized to determine whether each requested item is an appropriate and recoverable cost. Farmer, 379 U.S. at 235 (Items proposed by winning parties as costs should always be given careful scrutiny). "The burden is on the party seeking costs to establish the amount of compensable costs and expenses to which it is entitled." Thomas v. Newton, No. 4:07CV556 AGF, 2009 WL 1851093, at *1 (E.D. Mo. June 26, 2009) *citing* Allison v. Bank One-Denver, 289 F.3d 1223, 1248 (10th Cir. 2002).

Regarding deposition costs, in *Cowden v. BNSF Ry. Co.*, Judge Webber in this Court held:

> "In determining whether to award the costs of a deposition, "the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations omitted). While deposition costs are unrecoverable if taken solely for discovery or investigative purposes, Ryther v. KARE 11, 864 F.Supp. 1525, 1534 (D. Minn. 1994), "if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude they were necessarily obtained for use in the case." Frazier v. IBP, Inc., No. C97–0023, 1999 WL 33655745, at *10 (N.D. Iowa Feb. 2, 1999)."

Cowden v. BNSF Ry. Co., 991 F. Supp. 2d 1084, 1087-88 (E.D. Mo. 2014).

Additionally, in *Thomas v. Newton*, Judge Fleissig in this Court held:

> "Plaintiff also challenges the costs associated with the depositions of Plaintiff Thomas, Dr. Sampson, and Jamie Bradley, arguing that Defendants should not be permitted to recover deposition fees for both stenographic transcription and video costs. A review of 28 U.S.C. § 1920(2) supports Plaintiff's position. In October 2008, § 1920(2) was amended to permit taxable costs for "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case[.]" (emphasis added). In light of the use of the disjunctive in this amended language, the undersigned determines costs to be taxable for either stenographic

5

> transcription *or* video-recording of depositions, but not both. *See United States v. Smith,* 35 F.3d 344, 346 (8th Cir.1994) ("The ordinary usage of the word 'or' is disjunctive, indicating an alternative. Construing the word 'or' to mean 'and' is conjunctive, and is clearly in contravention of its ordinary usage."); *see also Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) (in construing statute, courts are obliged to give effect, if possible, to every word Congress used, including "or")." (*footnotes omitted*).

Thomas v. Newton, No. 4:07CV556 AGF, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009).

In its entirety, 28 U.S.C. § 1920(2) states that the following cost is recoverable, "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). The plain language of 28 U.S.C. § 1920(2) shows that only the printed or electronically recorded transcript may be taxed, but not both.

"A district court may award witness fees if it determines that the witness's testimony 'was crucial to the issues decided and the expenditures were necessary to the litigation.' " Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006) (*quoting* Neb. Pub. Power Dist. v. Austin Power, Inc., 773 F.2d 960, 975 (8th Cir. 1985)).

### 1. Deposition of Kim Tihen (Criminal Case of State of Missouri vs. Henry Davis) – Item No. 1

Defendant seeks $135.60 in costs for the deposition of Defendant Kim Tihen taken in the Missouri state criminal case against Plaintiff. This cost is clearly not recoverable as the deposition was taken in a separate case, the Missouri state criminal case against Plaintiff. The invoice on page 3 of Defendants' Exhibit A shows that the deposition of Kim Tihen was not taken in this case. Plaintiff objects to this cost.

### 2. Deposition of Henry Davis; Video and Stenographic – Item Nos. 3, 4 and 5

Defendants seek costs of $718.00, $689.00 and $23.00 in both the video and paper copies of the transcript of Plaintiff's deposition. As set forth above, Defendants may recover one, but not both, of the copies of the deposition of Plaintiff. The video was never played or used at trial

in this matter and thus only the stenographic transcript of Plaintiff's deposition should be allowed as a recoverable cost. Plaintiff objects to this cost.

### 3. Deposition of Dr. Robert Abbott; Video and Stenographic – Item Nos. 7 and 8

Defendants seek costs of $297.75 and $400.50 in both the video and paper copies of the transcript of Dr. Robert Abbott. First, Plaintiff objects to these costs in their entirety as Dr. Abbott's deposition was taken solely for discovery or investigative purposes and was never used at trial. Additionally and alternatively, both the video and stenographic transcript are not recoverable.

### 4. Depositions of William Ballard, Thomas Jackson, William Mudd, Randy Pursley, Kristie Williamson, Danielle Snow-Ruchalski, Lauran Walker, Sarah Droege, Thomas Moonier, Amanda Sanders and Michael Kielty – Item Nos. 9, 10, 11, 13, 14, 15, 18, 19, 20, 21 and 23

Defendants seek costs of $95.10, $74.70, $71.30, $62.80, $120.75, $84.75, $193.12, $131.52, $123.20, $150.75 and $574.47 for the depositions of William Ballard, Thomas Jackson, William Mudd, Randy Pursley, Kristie Williamson, Danielle Snow-Ruchalski, Lauran Walker, Sarah Droege, Thomas Moonier, Amanda Sanders and Michael Kielty. First, the following depositions were taken by Plaintiff: William Ballard, Thomas Jackson, William Mudd and Thomas Moonier. The remaining depositions were taken by the Defendants. All of these depositions were taken solely for discovery or investigative purposes and were never used at trial by the Defendants. Plaintiff objects to these costs in their entirety.

### 5. February 14, 2014 "Witness Fee- Corporal Robert Bell" – Item No. 22

Defendants seek costs of $79.44 for a witness fee of Corporal Robert Bell with respect to the first trial in this matter that took place on March 24th and 25th of 2014. As the Court will recall and the record reflects, Robert Bell was not called and did not testify at the first trial in this

7

case. A witness fee is payable to a witness for their testimony in court and includes mileage to and from court. As Mr. Bell never testified, this cost is not recoverable. Plaintiff objects to this cost.

### 6. September 9, 2014 "Comb binding of Appellee Brief and Appendix" – Item No. 24

Defendants seek costs of $54.77 relating to the comb binding of Defendants' brief and appendix on appeal. This cost is untimely and not recoverable. First, Defendants have not established that they were the prevailing party on appeal. Second, even if the Defendants are deemed the prevailing party, Defendants did not submit this cost timely after the 8th Circuit's mandate. *See* E.D.Mo. L.R. 8.03. Plaintiff objects to this cost.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Attorney for Plaintiff
    Henry M. Davis

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Peter J. Dunne
dunne@pspclaw.com

Robert T. Plunkert
plunkert@pspclaw.com

Attorneys for Defendants
Michael White
John Beaird
Kim Tihen


s/*James W. Schottel, Jr.*