UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:10-cv-01429 NAB |
| | ) | |
| MICHAEL WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# *DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS*

COME NOW, Defendants, the City of Ferguson, Michael White (also a counterclaim Plaintiff), Kim Tihen, and John Beaird, and for their Response to Plaintiff's Objections to Defendants' Bill of Costs, state:

Federal Rule of Civil Procedure 54(d) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *See also* 28 U.S.C. § 1920 (providing a bill of costs upon allowance may be included in the judgment or decree). "A party is a prevailing party when it 'has been awarded some relief by the court.'" *BVS, Inc. v. CDW Direct, LLC*, 2015 WL 1548982, at *1 (N.D. Iowa 2015) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs. *Thompson v. United Transp. Union*, 2009 WL 290472, at *2 (N.D. Iowa 2009) (citing *168th & Dodge, L.P. v. Rave Reviews Cinemas*, LLC, 501 F.3d 945, 958 (8th Cir. 2007)). "Despite the presumption that a prevailing party is entitled to costs, exactly which costs will be awarded is a matter left to the discretion of the district court. *Id.* (citing *Poe*

*v. John Deere Co.*, 695 F.2d 1103, 1108–09 (8th Cir.1982)). "However, 'the district court must provide a rationale for denying the prevailing party's claim for costs.'" *Id.* (citing *Thompson v. Wal–Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir.2006)).

As Plaintiff's counsel has pointed out, the Federal Rules of Civil Procedure do not contain a time limitation on a bill of costs. Doc. No. 326, p. 2. Nonetheless, 28 U.S.C. § 1920 contemplates its inclusion into the judgment, and Local Rule 8.03(A) provides it may be filed "no later than twenty-one (21) days after entry of final judgment pursuant to Fed.R.Civ.P. 58."

There is no final judgment in this matter, as the previous judgment of this court was affirmed, in part, and reversed, in part by the Eighth Circuit Court of Appeals. *See* F.R.C.P.(b) (an action involving multiple claims where fewer than all claims have been disposed may be revised "at any time before the entry of a judgment"); *see also Davis v. White*, 794 F.3d 1008, 1016 (8th Cir. 2015) (reversing, in part, and affirming, in part, judgment of this Court); 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). Accordingly, as this Court entered Judgment on March 25, 2014, the Eighth Circuit's Opinion modified the judgment, reinstated some claims, and removed any final judgment by the law of the case. *See id.*

Plaintiff cites to an order from Judge Thomas C. Mummert, III, to support his position. *ACI/Boland, Inc. v. U.S. Specialty Ins. Co.*, No. 4:07CV0378 TCM, 2009 WL 578307, at *1 (E.D. Mo. Mar. 5, 2009). *ACI* had nothing to do with a bill of costs issued after the reversal of a district court's entered judgment and the effect it had on the bill of costs for the case. *See id.*

The matter pertained to a bill of costs filed "ten days too late" where the court "cannot tell if the listed depositions were 'necessarily obtained for use in the case[.]" Plaintiff has failed to cite to any precedent to support his argument. In addition, Plaintiff has failed to show any prejudice in the timing of the present filing, and has not met his burden in showing Defendants are not entitled to costs.

As this Court has considerable discretion in awarding costs (*Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 F.3d 748, 762 (8th Cir. 2006)), Defendants respectfully submit that they have timely filed their Bill of Costs under the local rules and pursuant to federal case law and statutes. To the extent necessary, Defendants respectfully request leave of court to file its Bill of Costs at the time it has due to the circumstances and procedure of the case.

Plaintiff next argues that the imposition of costs would have a "chilling" effect on civil rights litigation. In a light most favorable to the jury's verdict and the judgment affirmed on appeal:

- Plaintiff Henry Davis battered Michael White by punching him in the nose, breaking it requiring surgery (*see* Doc. No. 322);
- Kim Tihen, Michael White, and John Beaird did not use excessive force against Plaintiff (*see* Doc. No. 322);
- John Beaird did not violate Plaintiff's substantive due process rights by executing four probable cause affidavits in support of destruction of property charges (*Davis v. White*, 794 F.3d 1008, 1014 (2015));
- The City of Ferguson was not a moving force behind a violation of Plaintiff's rights (*see Davis v. White*, 794 F.3d 1008, 1014 (2015)); and

- No rights of which Plaintiff has complained were violated (*see* Doc. No. 322; *Davis v. White*, 794 F.3d 1008, 1014 (2015)).

Defendants submit that there would be no "chilling" effect upon claimants whose rights are actually violated if this Court were to award costs to Defendants. Certainly, Congress imposed a more stringent burden upon defendants in actions under 42 U.S.C. § 1983 by allowing attorneys' fees where claims are frivolous. *See* 42 U.S.C. § 1988. Congress has implicitly rejected Plaintiff's argument, and the Supreme Court has confirmed that costs under § 1988 are available to a defendant "even if a plaintiff's suit is not wholly frivolous." *Fox v. Vice*, 131 S.Ct. 2205, 2214 (U.S. 2011). Congress could have, but did not, require a showing of frivolous claims for defendants to recover costs. Further, individuals (whose rights are not violated) who batter police officers, causing surgery, should not receive a Court's favorable discretion when it comes to the awarding of costs to the prevailing party. Considering the outcome and the facts, this is a case that warrants discretion in favor of Defendants with respect to the costs accrued in defending Plaintiff's claims.

Plaintiff further requests the Court to inspect six separate costs requested by Defendants, which will be addressed in the order raised by Plaintiff.

**1. Deposition of Kim Tihen (Criminal Case of State of Missouri vs. Henry Davis) – Item No. 1**

Plaintiff has cited to an opinion from Judge Richard E. Webber discussing the introduction of depositions into evidence as influential into the determination of whether to award the costs of a deposition. *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014). However, Judge Webber stated, "The relevant inquiry is not whether the parties used

the depositions at trial, but, rather, 'whether the depositions reasonably seemed necessary at the time they were taken.'" *Id.* at 1089.

Not only was the criminal deposition of Kim Tihen a deposition noticed by Plaintiff, but the criminal proceedings were intertwined with the subject litigation. *U.S. Ring Binder, L.P. v. Staples Office Superstore, LLC*, 2010 WL 2010443, at *1 (E.D. Mo. 2010) ("Copies of depositions of their own employees or executives—depositions taken on notice of the opposing party—could easily have reasonably seemed necessary to Defendants at the time they were taken.") aff'd sub nom. *U.S. Ring Binder, L.P. v. Staples the Office Superstore, LLC*, 404 F. App'x 498 (Fed. Cir. 2010) (district order citing *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir.1995)). This is evidenced by the use of such depositions from criminal proceedings at various points in the subject litigation (for example, regarding Defendants' Memorandum in Support of their Motion for Summary Judgment). *See* Doc. No. 222, p. 8. Plaintiff's attorney asked questions during Ms. Tihen's deposition pertaining to the issues recently tried before this Court. Ex. A, Kim Tihen Dep. 17:8–50:13 (portion including personal information omitted from exhibit). In fact, Plaintiff specifically asked questions about the civil rights lawsuit and conversations Ms. Tihen had regarding that suit. Ex. A, Tihen Crim. Dep. 43:21–47:1.[1]

As Plaintiff noticed the deposition of Kim Tihen in the criminal matter, inquired into questions pertaining to the civil matter (including specific questions about the civil matter), and as Defendants used a portion of the transcript to support the merits of their defense (including but not limited to their Motion for Summary Judgment), Defendants respectfully request that this Court award costs taxed by the Clerk with respect to this deposition as the request for copies of the transcript could have reasonably seemed necessary to Defendants at the time they were taken

[1] Plaintiff's attorney filed a Motion for Sanctions against attorney for Defendants at the Missouri Court level for appearing at the criminal depositions, which was denied. Ex. B.

in light of facts known to counsel at the time they were taken. *See U.S. Ring Binder, L.P.*, 2010 WL 2010443, at *1.

**2. Deposition of Henry Davis; Video and Stenographic – Item Nos. 3, 4, and 5**

As cited above, 28 U.S.C. § 1920(2) allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Plaintiff argues that a party may only recover either the video transcript of a deposition or the written transcription of the same, citing to Judge Webber's order. Doc. No. 326, p. 6–7. This argument has been specifically rejected by the Eighth Circuit Court of Appeals. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015) ("We continue to find good reason to allow recovery of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript was 'necessarily obtained for use in [the] case.'"); *see also Stanley v. Cottrell, Inc.*, No. 4:10CV1505 HEA, 2014 WL 518170, at *2 (E.D. Mo. Feb. 10, 2014) ("The applicable Eighth Circuit law allows transcripts and video costs[;]" citing *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897 (8th Cir. 2009)).

The mere fact Defendants did not determine to use deposition testimony at trial to impeach Plaintiff not only looks to the ability to do so, but also considered the time of the court and the jury in setting up the same. The transcript and video of Plaintiff was necessarily obtained for use in the case, wherein impeachment by video (allowing the jury to see physical mannerisms) could have been used depending on direct testimony. *See* Ex. C, Davis Dep. Vid. 57:3–59:21.

Accordingly, Defendants respectfully request that this Court award costs taxed by the Clerk with respect to this deposition.

**3. Deposition of Dr. Robert Abbott; Video and Stenographic – Item Nos. 7 and 8**

Plaintiff argues Defendants are not entitled to this deposition in its entirety. However, as Plaintiff himself attempted to argue before trial with respect to Dr. Dixit, Defendants were unaware whether Dr. Robert Abbott would be unavailable come trial. *See St. Jude Med. S.C., Inc. v. Hanson*, No. CV 13-2463 (RHK/BRT), 2015 WL 7069650, at *4 (D. Minn. Nov. 13, 2015) (awarding both transcript and video costs of medical personnel).[2] Further, Defendants not only listed some testimony from Dr. Abbott on their deposition designations (Doc. No. 288), but they cited to medical records to which he could speak concerning Plaintiff's belligerence and refusal of treatment at the hospital. Ex. D; Ex. E.

Plaintiff's argument regarding the recoverability of both the transcript and the video recovery on costs is, as explained above, contrary to controlling Eighth Circuit law. *Stanley*, 784 F.3d at 465. Accordingly, Defendants respectfully request that this Court award costs taxed by the Clerk with respect to this deposition.

**4. Depositions of William Ballard, Thomas Jackson, William Mudd, Randy Pursley, Kristie Williamson, Danielle Snow-Ruchalski, Lauran Walker, Sarah Droege, Thomas Moonier, Amanda Sanders and Michael Kielty – Item Nos. 9, 10, 11, 13, 14, 15, 18, 19, 20, 21 and 23**

Plaintiff offers a conclusory statement that these depositions "were taken solely for discovery or investigative purposes and were never used at trial by the Defendants." Doc. No. 326, p. 7. Plaintiff has offered no evidence to support his objections, and therefore his objections should be overruled for failure to meet his burden of overcoming the presumption that the prevailing party is entitled to costs.

[2] The Court will notice Defendants did not request the video deposition of the nursing or EMS staff, but just from Dr. Abbott, which is supportive of the above reasoning.

Even if this Court were to consider Plaintiff's conclusions, Defendants took the depositions of Randy Pursley[3] (ex. H), Kristie Williamson (ex. I), Danielle Snow-Ruchalski (ex. J), Lauran Walker (ex. K), Amanda Sanders (ex. L), and Sarah Droege (ex. M) to use their observations, as reported in the EMS Report and medical records, of Plaintiff in his intoxicated state, with his belligerent demeanor, and for his refusal for treatment (among other reasons). Defendants offered deposition testimony from Sarah Droege, Amanda Sanders, and Lauren Walker for use at trial. Doc. No. 288. Ms. Walker's and Ms. Williamson's testimonies were used in support of Defendants Motion for Summary Judgment. Doc. No. 222, p. 7, 12.

As this Court will remember, this Court actually granted leave to Defendants to depose Michael Kielty due to the late disclosure of the same as a witness for trial. Undoubtedly, this deposition was taken "for use in this case" and potentially for impeachment purposes if he strayed from his deposition testimony. Ex. F, Kielty Dep.; ex. G, Trial Trans. Vol. I, 120:20–129:3.

Plaintiff noticed Thomas Moonier and Thomas Jackson for their depositions, and subsequently attempted to use Mr. Moonier's testimony to establish municipal liability on the part of the City of Ferguson. Doc. No. 143, pp. 12, 29–30. Defendants relied on Mr. Moonier's testimony to successfully defend Plaintiff's claim against the City of Ferguson. Doc. No. 160, pp. 5–6; *see also Davis v. White*, 794 F.3d 1008, 1014 (2015) (finding evidence, including that from "a retired former police chief[,]" was insufficient to establish municipal liability).

Defendants used Lt. Ballard's deposition (noticed by Plaintiff) testimony taken both in the underlying criminal matter and in this matter in support of their Motion for Summary Judgment. Doc. No. 222, pp. 7–8, 15. Further, Lt. Ballard was and continues to be an employee

---

[3] This was a transcript of non-appearance in the event Defendants wished to request a Writ of Body Attachment from this Court to obtain Mr. Pursley's recollection of his observations. Defendants declined to request such a Writ.

of the City of Ferguson, whose deposition was noticed by Plaintiff. *See U.S. Ring Binder, L.P.*, 2010 WL 2010443, at *1.

Similarly, Plaintiff deposed Sgt. Mudd on two occasions and relied upon his testimony strongly at both trials regarding the video surveillance of the jail. Plaintiff has not met his burden showing Defendants' ordering copies of the deposition transcript, noticed by Plaintiff, was not for obtained for use in the case under the facts known to Defendants at the time these depositions were taken.

**5. February 14, 2014, "Witness Fee- Corporal Robert Bell" – Item No. 22**

Plaintiff cites to no case law for the proposition that payment made to a witness pursuant to Rule 45, where the witness does not appear at trial, is not a taxable cost. *See* 28 U.S.C. 1920(3) (stating a clerk may tax "[f]ees and disbursements for printing and witnesses[.]" Plaintiff has not met his burden that this is not a taxable cost to the prevailing party, and his objection should be overruled.

**6. September 9, 2014 "Comb binding of Appellate Brief and Appendix" – Item No. 24**

Plaintiff, in his Motion for Costs on Appeal, requested $56.00 for binding regarding his brief. He now states such is an improper item for Defendants to request as a cost.

Defendants will simply move to withdraw this request for this fee on appeal, rather than brief the topic over $54.77.

WHEREFORE, Defendants respectfully request that this Court allow Defendants to withdraw Item No. 24 from its Bill of Costs, that this Court deem the Bill of Costs timely filed, and, in the alternative, grant leave that the Bill of Costs may be filed at such a time as it was,

deny Plaintiff's remaining objections, and for such further relief as this Court deems just and proper.

/s/ *Peter J. Dunne*
Peter J. Dunne #31482MO
Robert T. Plunkert #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 24th day of March, 2016, to be served by operation of the Court's electronic filing system upon the following:

Mr. James W. Schottel, Jr.
Attorney for Plaintiff
Schottel & Associates, P.C.,
906 Olive Suite PH
St. Louis, Missouri 63101
jwsj@schotteljustice.com

Mr. Stephen R. Welby
Co-Counsel for Plaintiff
Welby Law Firm, L.L.C.
1221 Locust Street, 4th Floor
St. Louis, Missouri 63103
welbylawfirm@yahoo.com

/s/ Peter J. Dunne