**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HENRY M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10-CV-1429 NAB |
| ) | |
| MICHAEL WHITE, et al., ) | |
| ) | |
| Defendants, and ) | |
| ) | |
| MICHAEL WHITE, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HENRY M. DAVIS, ) | |
| ) | |
| Counterclaim Defendant. ) | |

## ORDER

This matter is before the Court on Defendants' Bill of Costs. [Doc. 325.] Plaintiff filed Objections and Defendants filed a Response. [Docs. 326, 327.] The bulk of Defendants' costs (Items No. 1-23) were incurred before judgment in the first trial of this matter. With regard to those costs, Plaintiff argues that Defendants' Bill of Costs is untimely and should be denied. The Court agrees.

Local Rule 8.03 provides that, "A party seeking an award of costs shall file a verified bill of costs … no later than twenty-one (21) days after entry of final judgment pursuant to Fed.R.Civ.P. 58." E.D.Mo. L.R. 8.03(A). "Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs." *Id*. District courts "have considerable discretion in interpreting and applying their own rules." *Fargo Biltmore Motor Hotel Corp. v. Best W. Int'l,*

*Inc.*, 742 F.2d 459, 465 (8th Cir. 1984); *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 489 (8th Cir. 1992) ("[A]pplication of local rules is a matter peculiarly within the district court's province.").

Judgment in the first trial of this matter was entered on March 25, 2014. Plaintiff appealed. On July 28, 2015, the Eighth Circuit Court of Appeals reversed in part and remanded the case. Judgment in the second trial was entered on March 2, 2016. Defendants filed their Bill of Costs on March 10, 2016. Plaintiff has again appealed.

Defendants argue that judgment in the first trial was not "final" under Local Rule 8.03 because the case was reversed in part on appeal and remanded. However, Rule 8.03 plainly concerns final judgment in the district court and makes no provision for deferring filling until after appeal.[1] Therefore, Defendants had until April 15, 2014 to fill their bill of costs after the first trial, but failed to do so until March 10, 2016, nearly two years later. Defendants cite no excuse beyond requesting leave to file out of time "due to the circumstances and procedure of the case." Defendants' failure to timely move for costs incurred before judgment in the first trial constitutes a waiver of such costs. E.D.Mo. L.R. 8.03(A); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 780 n.8 (8th Cir. 2014) (one-year delay unreasonable).

The remaining costs sought by Defendants are a $74.98 witness fee for Corporal Robert Bell who testified at the second trial (Item No. 25) and $79.56 for service of a subpoena on Corporal Bell by St. Louis Investigations & Process Service (Item No. 26).[2] Plaintiff makes no specific objections to these costs as required by Rule 8.03. E.D.Mo. L.R. 8.03(A). Finding that

---

[1] Compare Rule 8.03 with Rule 54.1 from the Western District of North Carolina, which provides that, "A prevailing party may request the Clerk of Court to tax allowable costs … by electronically filing a bill of costs … within thirty (30) days after: (1) the expiration of time allowed for appeal of a final judgment or decree; or (2) receipt by the Clerk of Court of the mandate or other Order terminating the action on appeal." W.D.N.C. L.C.v.R. 54.1(A).

[2] Defendants withdrew their request for $54.77 for binding of their appellate brief (Item No. 24).

2

the expense is correct and was necessary to the litigation, the Court will grant taxation of Corporal Bell's $74.98 witness fee.  However, "fees associated with the use of a special process server are not recoverable." *Carlisle v. City of O'Fallon*, No. 4:06-CV-00643AGF, 2008 WL 1805647, at *3 (E.D. Mo. Apr. 18, 2008) (citing *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985)).  The Court will therefore deny taxation of $79.56 for service of a subpoena on Corporal Bell by St. Louis Investigations & Process Service.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs is **GRANTED in part and DENIED in part**. [Doc. 325.]

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in the amount of $74.98 against Plaintiff.

Dated this 29th day of July, 2016.

　　　　　　　　　　　　　　　　　　　　　/s/ Nannette A. Baker
　　　　　　　　　　　　　　　　　　　　NANNETTE A. BAKER
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE